[No. 38927.    Department Two.    April 25, 1968.]

WILFRED NADEAU, *Respondent,* v. BRUCE F. BEERS *et al.,*
*Appellants.*\*

*Skeel, McKelvy, Henke, Evenson & Uhlmann* and
*Charles W. Mertel,* for appellants.

*Ennis & Klobucher, Schweppe, Reiter, Doolittle & Krug,*
and *William G. Ennis,* for respondent.

HAMILTON, J.—This is an appeal from a summary judg-
ment decreeing specific performance of an earnest-money
agreement relating to the sale of real estate. Appellants are
the vendors. Respondent is assignee of the vendee.

We conceive that the trial court erred in its disposition,
and therefore reverse the judgment.

The undisputed and operative facts may be stated as
follows: On July 26, 1965, appellant and the original
vendee, Kreger Bros., Inc., entered into an earnest-money
agreement whereby the vendee agreed to purchase appel-
lants' property for the sum of $28,000. The agreement, by

\*Reported in 440 P.2d 164.

its terms, expressly made time of the essence, and provided that the sale was to be closed "within 60 days after title insurance policy or report preliminary thereto is delivered showing title insurable, . . . but in any event not later than 120 days from date of this Agreement, which shall be the termination date." This agreement was obtained by a real-estate broker who was regularly acting for Kreger Bros., Inc., in procuring similar agreements covering other properties in the vicinity of appellants' property.

As earnest money, the vendee delivered to the real-estate broker involved a promissory note in the sum of $5,000, dated July 23, 1965, payable in 60 days. This note was not paid when due and, on September 25, 1965, appellants notified the escrow agent and the realtor by letter that they did not wish to proceed with the sale. Meanwhile, and on September 23, 1965, a satisfactory title report had been delivered into escrow as required by the earnest-money agreement.

Neither Kreger Bros, Inc., nor the realtor made any response to appellants' letter of September 25, 1965. Instead, on October 25, 1965, the vendee, without specific notice to appellants, executed and delivered an assignment of the earnest-money agreement to respondent, Wilfred Nadeau. Respondent, thereafter, on November 26, 1965 (123 calendar days after the date of the earnest-money agreement), tendered the full purchase price into escrow. Upon receipt of respondent's check the escrow agent contacted appellants who, acting under the impression that the tender was timely, requested payment by certified check. Certification of the check was accomplished and, on the evening of November 26th, the escrow agent and the realtor tendered payment to appellants and demanded a deed to the property. Appellants refused, stating they wished to first confer with their attorney. Upon consulting their attorney they learned that the 120-day closing period had expired, by actual calendar count, on November 23, 1965. They thereupon rejected the tender upon the grounds that the agreement had terminated. Respondent then commenced

this action, seeking specific performance of the earnest-money agreement. The only reason assigned for respondent's failure to meet the 120-day deadline was that the real-estate broker and the escrow agent computed the time limit upon the basis of four 30-day months.

After the pleadings closed, both respondent and appellants moved for summary judgment. The trial court in granting respondent's motion and decreeing specific performance of the earnest-money agreement did so upon two bases, namely, that appellants could not declare a forfeiture of the agreement without tendering a deed which they failed to do, and/or that by initially concurring in the belief that November 26th marked the terminal date appellants waived or were estopped from reliance upon an earlier terminal date.

It is our view that the judgment cannot be sustained upon either socre.

The earnest-money agreement in question is clear and free from ambiguity as to those points essential for decision. Time is made the essence of the agreement, and a termination date is fixed. Payment was not tendered until after the agreement by its terms had expired. Absent conduct giving rise to estoppel or waiver, no further action on the part of appellants was required to effectuate the termination. There is no forfeiture involved, for the agreement, by operation of its time provisions, became legally defunct. *Cowley v. Foster*, 143 Wash. 302, 255 Pac. 129 (1927); *Pavey v. Collins*, 31 Wn.2d 864, 199 P.2d 571 (1948); 91 C.J.S. *Vendor and Purchaser* § 99 (1955).

The trial court, however, opined that appellants had waived the time element, or were otherwise estopped to assert the terminal date. This determination arose out of and was predicated upon the fact that appellants initially acquiesced in the mistaken belief of the realtor and the escrow agent that respondent's tender was within the 120-day time limitation. It is undisputed, however, that appellants timely reserved the right to consult their attorney before finally and irrevocably accepting the tender of the

purchase money, and that when they then discovered that the tender was untimely they promptly disavowed any obligation under the agreement. Under these circumstances, we do not deem that appellants' conduct gave rise to either waiver or estoppel.

In *Bowman v. Webster*, 44 Wn.2d 667, 670, 269 P.2d 960 (1954), we quoted with approval the following definition of and distinction between waiver and estoppel found in *Reynolds v. Travelers Ins. Co.*, 176 Wash. 36, 28 P.2d 310 (1910):

"An implied waiver may arise where one party has pursued such a course of conduct as to evidence an intention to waive a right, or where his conduct is inconsistent with any other intention than to waive it. An estoppel is a preclusion by act or conduct from asserting a right which might otherwise have existed, to the detriment and prejudice of another who, in reliance on such act or conduct, has acted upon it. *A waiver is unilateral* and arises by the intentional relinquishment of a right, or by a neglect to insist upon it, while an estoppel presupposes some conduct or dealing with another by which the other is induced to act, or to forbear to act."

■ The instant factual situation presents no substantial premise from which it may be reasonably concluded that appellants intentionally and unequivocally evinced an intention to waive the time factor. *Birkeland v. Corbett*, 51 Wn.2d 554, 320 P.2d 635 (1958). Neither can it be convincingly asserted that any conduct upon their part on November 26, 1965, induced or lead respondent into his default. The failure of respondent to timely make his tender cannot be logically attributed to any act of appellants.

The judgment granting respondent specific performance of the terminated earnest-money agreement is reversed, and the cause remanded for entry of judgment dismissing respondent's action.

FINLEY, C. J., HUNTER, J., and BARNETT, J. Pro Tem., concur.

July 16, 1968. Petition for rehearing denied.