205 P.3d 111 (2009)
Alan ASHMORE, Respondent,
v.
The ESTATE OF Elmer C. DUFF, by and through its personal representative George R. Granberg; and the Estate of Elsie L. Duff, by and through its personal representative Carol J. Harting; and Carol J. Harting and John Doe Harting, wife and husband, Petitioners.
No. 82052-0.
Supreme Court of Washington, En Banc.
April 16, 2009.
Michael Edward De Grasse, Attorney at Law, Walla Walla, WA, for Petitioners.
Brandon L. Johnson, Minnick Hayner, P.S., Walla Walla, WA, for Respondent.
PER CURIAM.
¶ 1 In a dispute over the enforceability of a real estate purchase and sale agreement, the Court of Appeals affirmed the trial court's application of judicial estoppel to order specific performance. The gravamen of judicial estoppel is the intentional assertion of an inconsistent position that erodes respect for *112 the judicial process and the courts. Because the party resisting specific performance did not assert inconsistent positions threatening the integrity of the judicial process, we grant review of the Court of Appeals decision and reverse.
¶ 2 Elmer and Elsie Duff were married for 30 years. Elmer predeceased Elsie by a few months, specifically leaving nothing to Elsie in his will. Months after Elmer and Elsie died, George Granberg, the personal representative of Elmer's estate, entered into an agreement with Alan Ashmore to sell Ashmore the Duff home for $100,000. The agreement was to expire by its terms on December 5, 2005. Carol Harting, Elsie's daughter and personal representative of Elsie's estate, sought to enjoin the sale, claiming that Elsie, had a community property interest in the Duff residence. Following a hearing on November 23, 2005, the trial court enjoined Granberg from selling the property. After the hearing, Granberg's lawyer called Ashmore and told him the court had ordered Granberg not to sell the property because Harting was challenging Granberg's title.
¶ 3 Granberg filed a declaratory judgment action in July 2006 seeking to determine Elmer's and Elsie's respective ownership rights. Ashmore did not contact either party until February 15, 2007, when his attorney sent a letter to the attorneys representing Granberg and Harting expressing his belief that Elsie had no claim to the property and demanding that Granberg sell the property to Ashmore. Granberg and Harting reached an agreement in the declaratory judgment action. On February 26, 2007, after meeting with the parties in chambers, the trial court entered an order requiring Granberg to convey the property to Harting.
¶ 4 On March 7, 2007, Ashmore filed this action seeking specific performance of his purchase and sale agreement with Granberg, arguing that Harting, as Granberg's successor in interest, was required to convey the property to him. Harting responded that the agreement expired in December 2005 and that Ashmore and Granberg did not extend it. The trial court ruled that Harting was judicially estopped from arguing that the agreement expired because she successfully enjoined the sale in November 2005. The court therefore ordered specific performance.
¶ 5 The Court of Appeals affirmed, reasoning that by obtaining the injunction but then arguing the agreement had expired, Harting took inconsistent positions. The court determined the trial court could not accept the argument that the agreement had expired without creating the perception that it erred in previously granting the injunction.
¶ 6 Judicial estoppel prevents a party from asserting one position in a judicial proceeding and later taking an inconsistent position to gain an advantage. Arkison v. Ethan Allen, Inc., 160 Wash.2d 535, 538, 160 P.3d 13 (2007). The core factors are whether the later position is clearly inconsistent with the earlier position, whether judicial acceptance of the second position would create a perception that either the first or second court was misled by the party's position, and whether the party asserting the inconsistent position would obtain an unfair advantage or imposes an unfair detriment on the opposing party if not estopped. Id. at 538-39, 160 P.3d 13. These factors are not an "`exhaustive formula,'" id. at 539, 160 P.3d 13, but help guide a court's decision.
¶ 7 A purchase and sale agreement with an express expiration date terminates if it is not performed, absent waiver or estoppel. Nadeau v. Beers, 73 Wash.2d 608, 610, 440 P.2d 164 (1968). Neither Granberg nor Ashmore waived the December 2005 termination date. In seeking to enjoin the sale in November 2005, Harting took no position on the continued validity of the purchase and sale agreement or its termination clause. She asserted only that Granberg could not then sell the property on behalf of Elmer Duff's estate because her mother had a community interest in the property. The trial court enjoined Granberg from conveying the property until each estate's respective interest was determined at trial. In later proceedings, Harting asserted that the agreement had expired. These are not clearly inconsistent positions. Indeed, when Harting sought the injunction, the agreement had not yet expired. Thus, the first factor of the *113 judicial estoppel analysis does not favor estoppel.
¶ 8 Nor does the second core factor support judicial estoppel. There would have been no perception that the trial court had been misled had it agreed with Harting's later assertion that the agreement had expired. The court correctly granted an injunction because Harting had a potential interest in the property. By accepting Harting's later assertion that the agreement subsequently expired, the trial court's earlier decision would not be called into question. Rather, the perception would be that the agreement expired after the injunction was granted.
¶ 9 Judicial estoppel therefore does not apply here. We reverse the Court of Appeals and remand for further proceedings consistent with this opinion.