[No. 36853. Department One. January 23, 1964.]

UNIVERSITY PROPERTIES, INC., *Appellant,* v. ALBERT MOSS
*et al., Respondents.**

*Rosling, Williams, Lanza & Kastner,* by *Joseph J. Lanza*
and *Daniel E. Tolfree,* for appellant.

*LeSourd & Patten* and *F. A. LeSourd,* for respondents.

HUNTER, J.—This is an appeal from a judgment of the
trial court dismissing an action brought by the plaintiff
(appellant) University Properties, Inc., against the defend-

*Reported in 388 P. (2d) 543.

ants (respondents), an accounting firm, to recover rent alleged to be owing under a written lease.

The defendants had been tenants of the plaintiff for some years in the Skinner Building in Seattle. In 1958, the defendants needed more space, and the plaintiff agreed to make arrangements so the defendants could expand into an adjoining area. The two areas were to be remodeled to provide the needed space for expansion. A neighboring tenant agreed to move to another suite in the plaintiff's building. The extra offices were to have been available by approximately April 1, 1960.

The defendants were advised by the plaintiff that it made no alterations without the security of a written lease; consequently, on January 7, 1960, the parties executed a written lease covering the old space for the period from January 1, 1960 until June 30, 1962, since it was desired that the remodeling begin so the defendants would have less to do when the new space was available. The cost of the improvements was shared and during the time the defendants waited for the other tenant to move, the plaintiff provided extra space in another part of the building rent free. The space occupied by the neighboring tenant was not made available by April 1st, and at that time there was no definite date when it would become available.

On May 5th or 6th, the defendants told the plaintiff they were rescinding the lease and were going to move. The defendants vacated on December 10, 1960. This action was instituted to recover the unpaid rent from January, 1961 until the termination of the lease on June 30, 1962. The defendants counterclaimed for $17,313.73, as damages for losses resulting from this transaction. The trial court dismissed both the complaint and the defendants' counterclaim. Plaintiff alone appeals.

The plaintiff contends that the arrangements between these parties constitute two separate agreements. It here seeks to enforce the written lease, and argues that the parol evidence rule precludes proof of the oral agreement to provide the additional space.

■ The general rule is that the terms of a written lease may not be added to, contradicted, or varied by extrinsic evidence. 32 C.J.S., Evidence § 918. A time-honored exception to the rigidity of this rule is the doctrine of "partial integration." 9 Wigmore on Evidence § 2430; *Barber v. Rochester*, 52 Wn. (2d) 691, 328 P. (2d) 711 (1958). The writing may be a final expression of the agreement between the parties only as to such terms as are included therein. Evidence of additional terms is admissible unless the court finds that the writing was intended as a complete, exclusive statement. In *Barber v. Rochester, supra,* we said:

"People have the right to make their agreements partly oral and partly in writing, or entirely oral or entirely in writing; and it is the court's duty to ascertain from all relevant, extrinsic evidence, either oral or written, whether the entire agreement has been incorporated in the writing or not. *That is a question of fact.* . . ." (Italics ours.)

See *Dawson v. Shearer*, 53 Wn. (2d) 766, 337 P. (2d) 46 (1959).

In the instant case the trial court found that the writing and the oral agreement were one contract, and that it could not be broken into separate parts. There is substantial evidence in the record to support this factual finding. Parol evidence was admissible, therefore, to show the terms of the contract that had not been reduced to writing.

■ The plaintiff contends that after the defendants gave notice of rescission they failed to allow the plaintiff a reasonable time to provide the additional space. The trial judge held, however, that time was of the essence. When time is of the essence no additional period for performance is necessary in order to entitle the injured party to rescind. 12 Am. Jur., Contracts § 441, states:

". . . But where time is of the essence of a contract, and one of the parties is not ready and able to perform his part of the agreement on the day fixed, the adverse party may elect to consider it at an end. . . ."

Time is of the essence of a contract whenever it appears to have been the intention of the parties to make time of

the essence. *Virtue v. Stanley*, 87 Wash. 167, 151 Pac. 270 (1915).

In this case some of the accountants were moved upstairs in another part of the building, and the old space was remodeled into several private offices in preparation for expansion into the adjoining area. The remodeling left the defendants in an almost impossible situation because after the remodeling of the old area, the one covered by the written lease, it could not accommodate the entire firm. The agreement would not have been undertaken if it had not been for the promise to provide the additional space by approximately April 1st. There was substantial evidence upon which the trial judge could find that time was of the essence of the contract. Even if we would hold otherwise, it would not have been necessary for the defendants to give reasonable notice of their intention to terminate the lease under the facts in this case. The law does not require a party to do a useless act. The trial court found, which the record supports, that the tenant of the adjoining space had not been asked to move to other suitable space subsequent to the notice of rescission. Neither is there any showing in the record that the adjoining tenant would have made such a move to make space available had he been requested to do so.

The plaintiff contends that the defendants waived whatever rights they may have had to rescind the lease by remaining in possession and continuing to pay the rental for a period of 9 months after the approximate date when the adjoining space was to be made available. In *Hopkins v. Northwestern Nat. Life Ins. Co.*, 41 Wash. 592, 83 Pac. 1019 (1906), we said:

" . . . A waiver is defined to be the intentional relinquishment of a known right, . . .

"Neither will waiver be implied from slight circumstances, but must be evidenced by an unequivocal and decisive act clearly proven. . . .

"Neither can it be inferred that a party waives his right under a contract by making a payment thereunder, while at the same time making demand for his rights. *Griffith v. Newel*, (S.C.), 48 S. E. 259. It is also announced in 29

Am. & Eng. Ency. Law, 1095, that the validity of a waiver requires that it shall have been made intentionally and voluntarily; that voluntary choice is of the essence of waiver, and the view that waiver is a legal result operating upon a certain state of facts, independent of intent, has been declared to be without foundation. The same authority, on page 1096, further declares, in accordance with the authorities cited, that *the existence of an intent to waive is a question of fact, and must be made clearly to appear.*" (Italics ours.)

See *Hoke v. Stevens-Norton, Inc.*, 60 Wn. (2d) 775, 375 P. (2d) 743 (1962); *Wickre v. Allen*, 58 Wn. (2d) 770, 364 P. (2d) 911 (1961).

The evidence clearly supports the finding of the trial court that the defendants acted with reasonable promptness in securing other facilities and in vacating the premises covered by the lease. At all times the defendants stated they were moving, and although it took some time for the defendants' firm, which has nearly 30 employees, to find adequate space elsewhere, they acted as expeditiously as possible. The right to rescind was not waived.

We find no error. The judgment dismissing the plaintiff's complaint is affirmed.

OTT, C. J., DONWORTH, FINLEY, and ROSELLINI, JJ., concur.