[No. 566-40993-1.    Division One—Panel 2.    February 8, 1971.]

DAVID HUDESMAN, *Respondent*, v. PETER J. FOLEY *et al.*, *Appellants*.

*Horswill, Keller, Rohrback, Waldo & Moren, Erle W. Horswill,* and *Melvin F. Buol,* for appellants.

*Lycette, Diamond & Sylvester* and *Lyle L. Iversen,* for respondent.

FARRIS, A.C.J.—On May 28, 1965, Peter J. Foley and Elizabeth E. Foley, his wife, entered into an earnest money agreement to sell 37 acres of land to Kreger Bros. Inc. for $74,000. On September 23, 1965, the Foleys entered into an earnest money agreement to sell the same land to George E. Smith and Elizabeth K. Smith, his wife, for $70,000. The latter transaction was closed on or about November 12, 1965. Hudesman, the assignee of Kreger Bros. Inc., brought this action against the Foleys for specific performance. From an adverse judgment, the Foleys and the Smiths appeal.

At issue is the effect of provisions in the earnest money agreement which provide:

■ This transaction contingent on approval of purchaser's finance institution within 45 days.

■ The sale shall be closed in the office of Ballard Escrow Co., Inc., within 90 days after title insurance policy or title insurance company's report is furnished by owner or completion of financing is [sic] called for herein, whichever is later. The purchaser and the seller hereby agree to deposit in escrow all instruments and monies necessary to complete the purchase; the cost of escrow shall be paid one-half each by seller and purchaser.

■ If title is not insurable and cannot be made insurable within ninety days from date of title report, earnest money shall be refunded and all rights of purchaser terminated, except that purchaser may waive defects and elect to purchase.

Appellants further contend (1) that the Smiths were bona fide purchasers for value and (2) respondent did not have "clean hands" and is therefore precluded from seeking equitable relief.

The agreement required approval of purchasers' financial institution within 45 days. The trial court, upon conflicting evidence, found that the purchasers were ready to perform within 45 days and further that the sellers waived the condition.[1] There is substantial evidence in the record to support that finding. It will not be disturbed on review. *Thorndike v. Hesperian Orchards, Inc.,* 54 Wn.2d 570, 343 P.2d 183 (1959).

The title policy was delivered to Ballard Escrow Co., Inc. on August 2, 1965. The 90 days provided for closing commenced on that date. Hudesman, assignee of Kreger Bros. Inc. deposited all documents necessary for closing on October 22, 1965. The trial court correctly found that the condition was met.[2]

The title report was dated July 22, 1965. Title was not insured within 90 days of that date. While Kreger Bros. Inc. did not know the exact problems involved, it did know that at least $25,000 was necessary to clear the title. Appellant urges that the respondent refused to deposit the necessary funds; that as a result, title could not be made insurable within 90 days and therefore a condition of the earnest money agreement was not met. The trial court found to the contrary.[3] In any event, the only requirement for making

---

[1] "Within forty five days after the date of the earnest money agreement, Coulter & Associates were ready, willing and able to put up the funds required to carry through the transaction but the buyers waived any requirement about approval of purchaser's finance institution within forty five days by the negotiations had by Mr. Long through the escrow officer and the agreement of Mr. Long to proceed subject to the thirty-day extension for the commencement of interest on the down-payment." Finding of fact 19.

[2] "On October 22, 1965, the plaintiff presented to Ballard Escrow Co., Inc. the assignment, together with a letter of commitment of Peoples National Bank, to pay the full purchase price of $74,000, together with purchaser's pro rata share of 1965 taxes, recording fee and half of escrow fee, which letter of commitment is in evidence as plaintiff's Exhibit 9." Finding of fact 25.

[3] "Coulter & Associates collected from their members a sufficient amount of money to make this downpayment and were prepared to proceed to sign the escrow instructions and place the necessary funds in escrow to close the transaction." Finding of fact 18.

title insurable was the payment of money. Even if the purchaser refused to advance the necessary funds, he was not obligated by the earnest money agreement to do so. We cannot conclude as a matter of law that this was the *only* source of funds available to the seller. Although title was not insurable within the 90-day period, it could have been made insurable within the meaning of the language of the earnest money agreement. A similar provision was before the court in *Nostdal v. Morehart,* 132 Minn. 351, 352, 157 N.W. 584 (1916). The court noted:

> The contract in this case provides that "if the title to said premises is not good and cannot be made good within or by March 1st, 1914, this agreement shall be void and the above one thousand ($1,000) dollars refunded." This provision, standing alone, is clear and unequivocal. It is a provision in common use in land contracts and has often been construed by this court. It means that if the title which the vendor can convey to the purchaser is not good, and cannot in the exercise of good faith on the part of the vendor be made good, then the agreement is to be at an end as to both parties, and the purchase money paid is to be refunded. This remedy so fixed by the contract is exclusive of all others. It is binding on both parties and either party has a legal right to invoke it. [Citing cases.] Such a provision has no reference to a situation where the vendor can make title, but fails to do so. It covers only the case where title is not good and in good faith cannot be made good.

*See also Henschke v. Young,* 224 Minn. 339, 28 N.W.2d 766 (1947); *Hart v. Honrud,* 131 Mont. 284, 309 P.2d 329 (1957).

■ The Smiths were not bona fide purchasers for value. A bona fide purchaser for value is one who without notice of another's claim of right to, or equity in, the property prior to his acquisition of title, has paid the vendor a reasonable consideration. *Glaser v. Holdorf,* 56 Wn.2d 204, 352 P.2d 212 (1960); *Peterson v. Paulson,* 24 Wn.2d 166, 163 P.2d 830 (1945). Appellants were advised of the outstanding Kreger Bros. Inc. earnest money agreement. The entire file on the transaction was made available to them around

November 4th or 5th. The Smiths did not pay the necessary funds for closing the transaction until November 12th.

Kreger Bros. Inc. had financial difficulties during the year of 1965 and several judgments were entered against the company.[4] There was also evidence from which the trial court could have found that Kreger Bros. Inc. lacked the financial ability to perform at the time the earnest money agreement was signed. These findings are not sufficient to justify a conclusion, as a matter of law, that Kreger Bros. Inc. had "unclean hands." Here, it was a question of fact to be resolved by the trial court. We find no error.

Affirmed.

JAMES and SWANSON, JJ., concur.

Petition for rehearing denied April 27, 1971.

Review denied by Supreme Court June 9, 1971.

---

[4]"Kreger Bros., Inc., during the year 1965, did have financial difficulties and some judgments were entered against it but during that same year, they obtained earnest money agreements for the purchase of various pieces of land and did actually obtain financing so that substantial transactions based upon such earnest money agreements were actually carried out." Finding of fact 23.