[No. 1500-3. Division Three. March 9, 1976.]

DANNY EGBERT, ET AL, *Appellants*, v. DELLA F. WAY, ET AL, *Respondents*.

 

*Robert J. Caw, Blythe B. Caw,* and *Caw & Caw,* for appellants.

*George R. Huff,* for respondents.

McINTURFF, C.J.—This appeal is from a judgment denying specific performance and granting damages for breach of a real estate purchase contract.

On February 7, 1973, the parties entered into a written "Offer to Purchase," under the terms and conditions of which the Egberts agreed to buy and Mrs. Way agreed to sell a 98-acre field. The offer to purchase provided in pertinent parts:

> . . . It is understood that seller must clear flaw in title as a result of her deceased husband's interest and she shall have one year to do so. In the event she is unable to clear title, the $4,250.00 paid by purchaser shall be rent. As soon as title clear purchaser will pay balance of down payment . . . the purchaser will not be allowed to make any pre-payments except in accord with the Prudential mortgage on the unit.
>
> 1. Title of seller is to be insurable and free of encumbrances except easements and rights of way of record,
> . . .
>
> . . . .
>
> 9. . . . This sale shall be closed within 10 days after delivery of title insurance policy or commitment therefore showing insurable title or upon completion of financing, if financing is called for herein, whichever is later, but in any event, not later than one year from date.
> . . .
>
> 12. Time is of the essence hereof.

Encumbrances on the property included a Prudential mortgage, and Washington state inheritance tax and federal estate tax liens as a result of the death of Mrs. Way's

husband. Mrs. Way had taken title to the property pursuant to a community property agreement with her deceased husband.

During the ensuing year specified in the offer to purchase for clearing of title, Mrs. Way failed to file tax returns necessary to secure a release of those related encumbrances on the property; she also failed to secure a release of the mortgage. After the year had expired, the Egberts filed suit for specific performance or, in the alternative, damages.

The trial court awarded damages but denied specific performance, entering a finding of fact:

### XI

That a decree of specific performance, with the Court retaining jurisdiction to enforce any such performance, would be fraught with uncertainty, complexity, impracticality and would breed the probability of future litigation, and for these reasons a decree of specific performance should not be entered.

Reasons for denial of specific performance are stated in general terms. To aid us in discovering the specifics behind this general finding, we turn to the court's oral opinion.[1] In the oral opinion, we find the following statement:

On direct examination the seller testified that "efforts" had been made by her to clear the "flaw" in the title resulting from her deceased husband's interest in the property; that her deceased husband's estate never has been probated and that the real estate mortgage is still in existence.

From this statement, we conclude that the trial court found release of the tax liens, through probate of the husband's estate and satisfaction of the mortgage, to be conditions precedent to performance of the purchase contract.

On this appeal the Egberts seek specific performance of the contract, arguing the inadequacy of damages because the property is unique and impossible of duplication as it

---

[1]*Dickson v. United States Fidelity & Guar. Co.*, 77 Wn.2d 785, 791, 466 P.2d 515 (1970).

adjoins their family farm, thus allowing lower cost of production.

Specific performance is an equitable remedy available to an aggrieved party for breach of contract where there is no adequate remedy at law.[2] We agree that damages were inadequate to compensate the Egberts for loss of the field. Further, if the evidence establishes that the breaching party has the ability to perform the duties under the contract, equity requires done that which ought to be done.[3] Each party has the affirmative *good faith* obligation to perform conditions precedent under a contract and cannot be excused from performance by his own misconduct.[4]

In the present case, Mrs. Way had the affirmative obligation to use good faith efforts to clear the Washington state inheritance tax and the federal estate tax liens on the property. By her own admission, Mrs. Way has done nothing to pay these taxes, an obligation imposed by law.[5] Because Mrs. Way took title to the subject property pursuant to a community property agreement,[6] there is no need for probate.[7] Accordingly, that finding by the trial court which foresees probate as a barrier to specific performance is not supported by substantial evidence. The only barrier to the release of these tax obligations as a condition precedent to sale is Mrs. Way's own reluctance to perform.

Though the Prudential mortgage is cited by Mrs. Way as an additional encumbrance on the title, indicating greater difficulty or impossibility in clearing title as required by the condition precedent, the mortgage is not a subject of

---

[2]*Cahalan Inv. Co. v. Yakima Cent. Heating Co.*, 113 Wash. 70, 75, 193 P. 210 (1920); Restatement of Contracts § 360 (1932).

[3]*Ketner Bros. v. Nichols*, 52 Wn.2d 353, 324 P.2d 1093 (1958); *Paullus v. Fowler*, 59 Wn.2d 204, 214, 367 P.2d 130 (1961).

[4]*Paullus v. Fowler*, 59 Wn.2d 204, 214, 367 P.2d 130 (1961); *Weaver v. Fairbanks*, 10 Wn. App. 688, 691, 519 P.2d 1403 (1974).

[5]RCW 83.04.015; 26 U.S.C. § 2002 (1967); 26 U.S.C. 6018(a)(1) (1967).

[6]RCW 26.16.120; RCW 83.24.010.

[7]RCW 11.02.090(1); *In re Estate of Wittman*, 58 Wn.2d 841, 843, 365 P.2d 17 (1961).

the condition precedent. Referring to those contract provisions quoted above, there is a patent ambiguity in the treatment of the mortgage. It is said in these quoted provisions that the Egberts "will not be allowed to make any prepayments except in accordance with the Prudential mortgage on the unit" (*after* the contract of sale is signed), but that "the title of seller is to be insurable and free of encumbrances" (*before* the contract of sale is signed), indicating, in the first instance, that the mortgage is not to be cleared from the title before sale but, in the second instance, that it must be cleared before sale.

Parol evidence was properly admitted at trial to explain this ambiguity in the written offer to purchase.[8] A review of the record reveals that the Egberts understood that they would take subject to the mortgage, with their contract payments to be applied to the unpaid balance on the mortgage by the escrow holder. Thus, there is no substantial evidence that release of the mortgage was a condition precedent to performance necessitated by the offer to purchase. Accordingly, the mortgage presents no obstacle to specific performance. In sum, we find specific performance possible.

Once it is decided that there is no other adequate remedy at law and that specific performance is possible, it is left to the discretion of the court to enforce the remedy. A preference lies in favor of specific performance where the agreement is in writing, is certain in its terms, is fair and just, is for a valuable consideration, and is capable of being enforced without hardship to either party.[9] However, denial of specific performance is proper where enforcement is unreasonably difficult or would require such long continued supervision by the court as is disproportionate to the advantages to be gained.[10]

In its memorandum opinion and findings of fact, the trial

---

[8]*Green River Valley Foundation, Inc. v. Foster*, 78 Wn.2d 245, 250, 473 P.2d 844 (1970).

[9]*Church v. Bruce*, 141 Wash. 630, 633, 251 P. 854 (1927).

[10]*Cahalan Inv. Co. v. Yakima Cent. Heating Co.*, 113 Wash. 70, 74, 75, 193 P. 210 (1920); Restatement of Contracts § 371 (1932).

court concluded that specific performance under these circumstances would be too cumbersome and potentially litigious to warrant the remedy. This finding was apparently based upon the mistaken belief that there must be a probate of the husband's estate and that Mrs. Way must secure a release of the mortgage before sale. We find that essentially the only encumbrances required to be cleared from the title are the Washington state inheritance tax and federal estate tax liens.

Under similar circumstances requiring payment of money as a condition precedent to performance of a purchase contract, where the seller had 90 days to satisfy a $25,000 encumbrance on the title within the terms of the contract, specific performance was ordered. The seller had apparently made no effort to find alternative sources of financing.[11] Where a sale was not consummated when the seller refused to absorb a $500 repair bill necessitated by an FHA inspection pursuant to the contract, specific performance would be ordered.[12] In view of these cases, the payment of taxes does not present such unreasonable difficulty as to warrant the denial of specific performance.

The decision to deny specific performance should be affirmed unless it can be said that denial is based "upon grounds or to an extent clearly untenable or manifestly unreasonable."[13] Because denial of specific performance was based upon mistaken assumptions concerning the necessity of probate and treatment of the mortgage, we hold that the Superior Court improperly denied specific performance.

Though the time for performance has expired under the offer to purchase, Mrs. Way should not be excused from further performance when she failed to exercise good faith in performance of the condition precedent. The Egberts as the injured parties could have rescinded the contract after Mrs. Way's failure to perform within the time limits of the

[11]*Hudesman v. Foley*, 4 Wn. App. 230, 232-33, 480 P.2d 534 (1971).

[12]*See Weaver v. Fairbanks*, 10 Wn. App. 688, 691, 519 P.2d 1403 (1974).

[13]*Gordon v. Gordon*, 44 Wn.2d 222, 227, 266 P.2d 786 (1954).

contract.[14] However, the time limits in the contract, even though made of the essence, do not operate to excuse Mrs. Way from specific performance when the breach is the result of her own bad faith and lack of diligence in clearing the title.[15]

The award of damages to the Egberts is reversed and the case is remanded to the Superior Court for action consistent with this opinion.

GREEN and MUNSON, JJ., concur.

Petition for rehearing denied April 19, 1976.

---

[14]*University Properties, Inc. v. Moss*, 63 Wn.2d 619, 621, 388 P.2d 543 (1964).

[15]*Hudesman v. Foley*, 4 Wn. App. 230, 232-33, 480 P.2d 534 (1971).