[No. 3826–2–III.   Division Three.   August 6, 1981.]

LOCAL 112, I.B.E.W. BUILDING ASSOCIATION, *Respondent,* v. TOMLINSON DARI–MART, INC., ET AL, *Appellants.*

*Andrew Bohrnsen, Duane E. Taber,* and *Leavy, Taber,* for appellants.

*Michael E. de Grasse* and *Critchlow & Williams,* for respondent.

GREEN, J.—Tomlinson Dari–Mart, Inc., appeals from a decree of specific performance requiring it to convey certain commercial real property to Local 112, I.B.E.W. Building Association, if and when merchantable title to the property is obtained.

On April 1, 1978, Local 112, as purchaser, offered an earnest money agreement to Tomlinson, the seller, for the purchase of described real property in Benton County for $65,000 cash. Local 112 deposited $5,000 as earnest money. The agreement as presented provided (1) for a closing date "not later than May 31, 1978, which shall be the termination date"; and (2) "time is the essence of this agreement."

On April 20, 1978, Tomlinson accepted this offer with certain amendments: the offer was subject to Tomlinson's obtaining a good and sufficient deed from the bankruptcy court to pass title to Local 112; and the closing date was changed to June 30, 1978. These amendments were agreeable to Local 112. On June 28, the agreement was mutually amended to provide a new closing date "not later than July 31, 1978." In late July, Local 112 sought another amendment to extend the closing date to August 31, 1978. Tomlinson refused to agree to this extension. These extensions were necessary because the bankruptcy court had not yet released title to Tomlinson. Local 112 then commenced this action for specific performance and damages.

Following a bench trial, the court found: (a) Tomlinson made a good faith effort to clear title to the property; (b) Local 112 agreed to extend the time within which Tomlinson was to perform and was willing to wait until Tomlinson procured merchantable title; and (c) the time limitation for closing in the agreement was for the benefit of Local 112. The court concluded (a) Local 112 waived timely performance of the agreement by Tomlinson; (b) if and when Tomlinson obtained merchantable title to the property, it must convey the property upon Local 112's payment of the purchase price; and (c) prior to Tomlinson's procurement of title, Local 112 could cancel the agreement upon written notice to Tomlinson. Based upon these findings and conclusions, the court entered a decree of specific performance.

Tomlinson assigns error to finding of fact No. 15:

> The time limitation for closing the transaction described in the parties' earnest money agreement was and is for the benefit of the plaintiffs [Local 112] herein.

It contends the seller has an equal right with buyer to provide for a date beyond which neither party will be bound by the agreement. We agree.

■■ First, no evidence was offered to support this finding. Second, in the context of the facts summarized above, the finding is in essence a conclusion of law and reviewable as a question of law. *Woodruff v. McClellan,* 95

Wn.2d 394, 396, 622 P.2d 1268 (1980); *Dullanty v. Comstock Dev. Corp.,* 25 Wn. App. 168, 171, 605 P.2d 802 (1980). Here, the earnest money agreement specifically stated "time is of the essence." However, the mere fact an agreement declares time to be of the essence does not necessarily make it so; it is only one of many factors to be considered. *See* authorities summarized. *Lane v. Crescent Beach Lodge & Resort, Inc.,* 199 N.W.2d 78 (Iowa 1972); *Jakober v. E.M. Loew's Capitol Theatre, Inc.,* 107 R.I. 104, 265 A.2d 429 (1970); *Ring 57 Corp. v. Litt,* 28 A.D.2d 548, 280 N.Y.S.2d 330 (1967); *Rothenberg v. Follman,* 19 Mich. App. 383, 172 N.W.2d 845 (1969). Courts also consider the intent of the parties, *University Properties, Inc. v. Moss,* 63 Wn.2d 619, 621, 388 P.2d 543 (1964), and the surrounding circumstances such as fluctuating property values, 6 S. Williston, *Contracts* § 854 (3d ed. 1962), and whether the parties have extended performance to a time certain. *Hoon v. Harmer Steel Prods. & Supply Co.,* 278 F.2d 427 (9th Cir.), *cert. denied,* 364 U.S. 821, 5 L. Ed. 2d 50, 81 S. Ct. 54 (1960); *Bishop v. Tolbert,* 249 S.C. 289, 153 S.E.2d 912 (1967); *Friedman v. Winshall,* 343 Mich. 647, 73 N.W.2d 248 (1955). In this case, the fact each extension of the closing date was for a limited time, coupled with the rapid increase in the property's value from $65,000 in April to $90,000 a few months later when Tomlinson received another offer indicates time was indeed of the essence.

In *Nadeau v. Beers,* 73 Wn.2d 608, 610, 440 P.2d 164 (1968), the court held when an agreement makes time of the essence, fixes a termination date, and there is no conduct giving rise to estoppel or waiver, the agreement becomes legally defunct upon the stated termination date if performance is not tendered. *See also Pavey v. Collins,* 31 Wn.2d 864, 199 P.2d 571 (1948); *Thayer v. Damiano,* 9 Wn. App. 207, 511 P.2d 84 (1973); 91 C.J.S. *Vendor and Purchaser* § 99 (1955). The only exception we find to this rule is when the failure to meet the time limit is the result of one of the parties' bad faith or lack of due diligence. *Egbert v. Way,* 15 Wn. App. 76, 81–82, 546 P.2d 1246 (1976);

*Hudesman v. Foley,* 4 Wn. App. 230, 232–33, 480 P.2d 534 (1971). Likewise, 6 S. Williston, *Contracts* § 852, at 208–09 (3d ed. 1962), states:

> [I]f time is made essential by the agreement, neither the vendor nor the purchaser can enforce the contract specifically after the agreed day if it is then still wholly executory on both sides; . . .

(Footnotes omitted.) We conclude when an agreement provides time is of the essence, and performance has not been tendered by either party, such provision is for the benefit of both parties (unless the agreement expressly or impliedly makes the provision solely for the benefit of one of the parties), and requires the agreement of both parties to change the termination date. Here, time was of the essence; performance could not occur because title had not been cleared from the bankruptcy court, a condition of the agreement; there was no mutual agreement to extend the closing date; and the court found Tomlinson had made a good faith effort to clear the title. There is no finding or evidence of bad faith or lack of diligence by either party.

Therefore, we hold the court erred in finding the time limitation on closing was for the benefit of Local 112 and, in effect, to the exclusion of Tomlinson. Local 112's waiver of the closing date was ineffective to bind Tomlinson. On July 31, 1978, the agreement expired by its terms.

Reversed.

Roe, A.C.J., and Munson, J., concur.

Reconsideration denied August 27, 1981.

Review denied by Supreme Court November 19, 1981.