[No. 10798–4–I.   Division One.   August 10, 1983.]

CHG International, Inc., et al, *Appellants*, v. Robin Lee, Inc., *Respondent*.

*Gordon, Thomas, Honeywell, Malanca, Peterson & O'Hern* and *Daniel P. Pepple,* for appellants.

*William Cameron*, for respondent.

Corbett, J.—CHG International, Inc. (CHG) appeals from a judgment dismissing its complaint for specific performance of a real estate contract. We affirm.

Robin Lee, Inc. (Robin Lee), vendor, and CHG, vendee, entered into a real estate contract for the purchase and sale

of the Pine Court Apartments, the Blackstone Hotel and the Astor Hotel, adjoining properties in downtown Seattle. That contract, deposited in escrow on April 28, 1978, provided in pertinent part:

> It is understood that seller's [sic] own as a tenant in common an undivided one–half interest on [sic] the Blackstone property. Seller's obligation under this real estate contract shall therefore be contingent upon seller's [sic] being able to purchase the interest of the other tenant in common at a price satisfactory to it prior to closing.

The other one–half interest in the Blackstone Hotel was owned by four members of the Kroetch family. They had previously offered to sell their interest to Robin Lee for $150,000, but CHG agreed that Robin Lee should have the opportunity to negotiate a lesser price. Accordingly, Robin Lee began negotiating with an attorney representing three members of the Kroetch family regarding purchase of their interest. Robin Lee's offer of $90,000 was refused. The Kroetches made a written counteroffer to purchase Robin Lee's interest at the same price, which Robin Lee rejected. Sometime in July, the attorney representing the fourth member of the Kroetch family informed the attorney for the other three members that his client was unwilling to sell for less than $175,000 to $200,000. Robin Lee continued to negotiate for purchase of the Blackstone property and finally received a counteroffer which it accepted on October 17. Thereafter, the interest of the fourth member of the Kroetch family was purchased by the other family members in order to permit closing of the sale to Robin Lee. The transaction was closed on November 30, 1978. CHG brought this action for specific performance at the end of January 1979.

CHG contends that the contract should be construed to require purchase of the Kroetch family interest within a reasonable time. Robin Lee argues that the contract had as a condition precedent acquisition of the interest prior to July 31, at which time its obligation to CHG terminated. In

construing the contract, the trial court found that acquisition of the Kroetch interest prior to July 31 was a condition precedent to performance by Robin Lee. The court concluded that because the condition was not met by July 31, the parties' contractual duties were discharged. CHG assigns error to this ruling, conceding that Robin Lee's purchase of the Kroetch interest was a condition precedent to the contract, but arguing that purchase by July 31 was not. The court found that the parties intended the closing date to be July 31. Because no error is assigned to this finding, it must be considered as a verity on appeal. *Weyerhaeuser Real Estate Co. v. Stoneway Concrete, Inc.*, 96 Wn.2d 558, 565, 637 P.2d 647 (1981). CHG asserts that this time provision should be construed as a mere collateral condition and that the condition precedent of acquisition was satisfied because Robin Lee acquired the Kroetch interest within a reasonable time.

The contract specifically stated "time is of the essence." The time provision was for the benefit of both parties and could not be unilaterally waived. *Local 112, IBEW Bldg. Ass'n v. Tomlinson Dari–Mart, Inc.*, 30 Wn. App. 139, 143, 632 P.2d 911 (1981). In its unchallenged findings, the court found that the condition precedent, *i.e.*, acquisition of the Kroetch interest prior to July 31, was a material part of the parties' contract.

A party may expressly condition its duty of performance upon the happening of an event by a specified day. When this occurs, the court should not set aside the limitation and enforce the promise in spite of the nonperformance of the condition, unless the condition has been excused by action of the promisor or there has been such performance or change of position by the promisee that an unjust forfeiture will result. 3A A. Corbin, *Contracts* § 714, at 359 (1960). No such mitigating circumstances are present here. Robin Lee did not agree to waive the July 31 closing date nor did it engage in any conduct which would constitute an estoppel precluding it from asserting the July 31 closing date. Nor is there any evidence of detrimental reli-

ance on the part of CHG. A condition must be exactly fulfilled or no liability arises on the promise which it qualifies. 5 S. Williston, *Contracts* § 675, at 184 (3d ed. 1961). Since the condition precedent to the contract was neither performed nor excused within the time required, both parties' contractual duties were discharged. 6 A. Corbin, *Contracts* § 1252, at 2 (1962). *Cf. Local 112, IBEW Bldg. Ass'n v. Tomlinson Dari–Mart, Inc., supra* at 142. The trial court did not err in so holding.

CHG next contends that Robin Lee failed to exercise good faith and due diligence in acquiring the interest of the Kroetch family at a satisfactory price. CHG points to the fact that Robin Lee did not offer more than $90,000 until it accepted the counteroffer of the Kroetch family.

Each party has an affirmative good faith obligation to perform conditions precedent to a contract and cannot be excused from performance of the contract by his own misconduct. *Egbert v. Way,* 15 Wn. App. 76, 79, 546 P.2d 1246 (1976). In the cases relied upon by CHG, the promisor made no effort to perform the condition precedent to the contract. *See, e.g., Egbert v. Way, supra.* Here, it is undisputed that Robin Lee continuously negotiated for purchase of the Kroetch family interest, but waited for a firm counteroffer before increasing its bid. In addition, the trial court found that the Kroetch family was unwilling to sell and, regardless of the circumstances, would not have sold their interest in the Blackstone Hotel prior to August 1978. This finding is supported by substantial evidence and may not be disturbed on appeal. *Beeson v. ARCO,* 88 Wn.2d 499, 503, 563 P.2d 822 (1977); *Thorndike v. Hesperian Orchards, Inc.,* 54 Wn.2d 570, 343 P.2d 183 (1959). The trial court did not err in finding that Robin Lee fulfilled its requirement of good faith in attempting to timely purchase the Kroetch interest.

At trial, CHG offered into evidence a letter from a member of the Kroetch family to her attorney wherein she stated that Robin Lee's $90,000 offer was unreasonable and that Robin Lee's president was acting unfairly and dishon-

estly in his attempts to acquire the Kroetch interest. The court refused the exhibit as hearsay. CHG assigns error to this ruling, contending that the letter was not hearsay because it was offered for the limited purpose of proving the author's state of mind and intent regarding the $90,000 offer and the reason for the Kroetch family's refusal of this offer. CHG further argues that this intent and state of mind were relevant to the issue of whether Robin Lee's offer was made in good faith. CHG informed the court of the purposes for which the letter was offered and made an offer of proof, thus preserving this issue for appellate review. ER 103(a)(2).

The statements contained in the letter were relevant to Robin Lee's good faith only if considered for their truth. As such, they are hearsay. 5A K. Tegland, Wash. Prac., *Evidence* § 333, at 112 (2d ed. 1982). They do not fall within the "state of mind" exception to the hearsay rule, ER 803(a)(3), because the author's state of mind was not in issue. *See State v. Parr,* 93 Wn.2d 95, 98, 606 P.2d 263 (1980). The trial court did not err in excluding the letter as inadmissible hearsay.

CHG also assigns error to the trial court's finding that it failed to tender performance as required by the contract. Since we hold that both parties' contractual duties were discharged on July 31, we do not address the alleged error.

Robin Lee moved to dismiss this appeal on the grounds of collateral estoppel and/or judicial preclusion of inconsistent positions. This motion is based upon prior litigation between the parties and an unpublished opinion of this court. Because we find in favor of Robin Lee on the merits of the appeal, we do not reach the issues presented by the motion to dismiss.

Robin Lee requests attorneys' fees pursuant to RAP 18.1(c). The contract between the parties provides for such fees and the trial court awarded attorneys' fees to Robin Lee in the sum of $56,984.05. We award Robin Lee an additional sum of $10,000 as attorneys' fees on appeal.

The judgment is affirmed. The cause is remanded to the

trial court for amendment of the judgment to include the amount awarded as attorneys' fees on appeal.

SWANSON and SCHOLFIELD, JJ., concur.

Reconsideration denied September 13, 1983.

Review denied by Supreme Court December 2, 1983.