[No. 36392-1-I. Division One. December 30, 1996.]

JEFFREY S. EVANS, ET AL., *Appellants,* v. NANCY L. LUSTER, *Defendant,* ARCHITECTURAL CABINETS, INC., *Respondent.*

*Thomas D. Adams* and *Newton Knight Adams Jones & Corrigan*, for appellants.

*Efrem Z. Agranoff*, for respondent.

BAKER, C.J. — Jeffrey Evans (Evans) and his wife Mary contracted with Architectural Cabinets, Inc. (ACI) through Rodney Mayo, their friend and the president of ACI, for land clearing and grading. The parties timed performance

of their contract so as to avoid statutory permit requirements. Because we hold that the contract was illegal and the parties were in pari delicto, we reverse the trial court and remand for dismissal of ACI's claim with prejudice.[1]

## FACTS

The following unchallenged findings are verities.[2] ACI is a licensed, registered, and bonded general contractor in Washington. Evans and Mayo have been friends and business associates for over 20 years. None of their agreements have been in writing.

Evans and Mayo entered into an oral agreement for ACI to provide the equipment, materials, and labor to clear, grade, and install drainage on Evans' real property in Snohomish County. Both parties knew that a permit was required for this work, but they agreed to do the work without permits, working quickly and secretly to avoid a county stop-work order. Evans testified that he knew the property had standing water and that a surveying company told him the property contained wetlands. Evans agreed to pay Mayo either with a lot after the land was subdivided or with future commissions from the joint venture.

Evans and Mayo accomplished most of the work before the county posted a stop-work order on the property for failure to obtain a permit. ACI was not paid for the work. A few months later, without being requested to do so, ACI installed a drain on the property in violation of the stop-work order. It then filed a lien for its work on the property.

ACI sued to collect on the contract and to enforce its lien. The trial court determined that the lien was not

---

[1]The parties raise additional issues on appeal regarding a joint venture agreement and calculation of damages for assault; however, the record supports the trial court's calculation of Evans' obligation under the joint venture agreement and its damage award for the assault, and we affirm on those issues.

[2]*Cowiche Canyon Conservancy v. Bosley*, 118 Wn.2d 801, 808, 828 P.2d 549 (1992).

timely and thus was invalid. But it also determined that ACI could recover on the contract for the work it completed before the stop-work order was posted.

## ANALYSIS

Evans appeals from the judgment in favor of ACI and Mayo, arguing in part that the trial court erred in not applying the doctrine of in pari delicto. ACI argues that (1) Evans did not correctly assign error in his appeal, (2) Evans waived the illegality argument by not pleading it as an affirmative defense, and (3) the trial court erred in admitting the county stop-work order on the land improvement contract.[3]

Evans argues that the land improvement contract was illegal at its inception because both parties knew the contract violated county code provisions. We agree. If a contract is illegal or flows from an illegal act, a court will leave the parties as it finds them.[4] An agreement to violate a statute or municipal ordinance is void, except when the agreement is not criminal or immoral and the statute or ordinance contains an adequate remedy for its violation.[5]

Mayo suggested doing the work while the county planning department was closed for a week and unable to stop work for the lack of a permit. Both Evans and Mayo knew that a permit was required for the work, but they decided

---

[3]ACI's responses are without merit. First, Evans provided this court with sufficient information to understand which issues he challenges. We have discretion to accept briefing not in compliance with RAP 10.3 and 10.4. RAP 10.7. Second, the trial court heard testimony on illegality without objection, thus the pleadings were amended to conform to the evidence. CR 15(b). Third, the trial court did not abuse its discretion in admitting evidence pertaining to the illegality issue. *See Public Util. Dist. No. 1 of Klickitat County v. International Ins. Co.*, 124 Wn.2d 789, 813-14, 881 P.2d 1020 (1994).

[4]*Golberg v. Sanglier*, 96 Wn.2d 874, 879, 639 P.2d 1347, 647 P.2d 489 (1982); *Hederman v. George*, 35 Wn.2d 357, 361-62, 212 P.2d 841 (1949); *Reed v. Johnson*, 27 Wash. 42, 53-56, 67 P. 381 (1901).

[5]*Sienkiewicz v. Smith*, 97 Wn.2d 711, 716, 649 P.2d 112 (1982). This exception developed from the rule that courts should examine a statute's purpose and apply the statutory penalty before voiding a contract for a statutory violation. *Sienkiewicz*, 97 Wn.2d at 716.

to do a quick "bootleg" job before the county could post a stop-work order. The parties entered into the contract intending to avoid county permit requirements; therefore, this contract was illegal and unenforceable.

The exceptions allowing enforcement of an illegal contract that is not immoral or criminal or when other statutory remedies are sufficient do not apply here. The Snohomish County Code (SCC) provides that code violations are a public nuisance and that violators may be cited for a misdemeanor[6] and subject to other judicial or administrative remedies.[7] Evans admitted that standing water existed on the property and that a surveying company told him the property contained wetlands. The SCC adopts SEPA and SEPA rules, and it restricts development of environmentally sensitive areas located within 65 feet of wetlands.[8] Even though the SCC subjects the landowner to penalties for code violations, Evans paid no fine. Mayo, as the contractor, is not subject to any similar penalty. Our review of the record indicates that the contract was criminal, immoral, and unlikely to be cured by any county code penalty.

 Evans also argues that the trial court erred in its analysis of the in pari delicto doctrine. Under this doctrine, the defendant should prevail when parties to an illegal contract are equally culpable.[9] Even if the parties are equally culpable, the court may enforce the contract based upon public policy considerations.[10] In conducting an in pari delicto analysis, the parties' scienter, or lack thereof, is relevant.[11]

In determining whether to enforce an illegal contract

---

[6]A misdemeanor may be punished by a fine of $500 per day of the violation and/or 90 days in jail. SCC §§ 17.60.060, 1.01.100.

[7]See generally SCC ch. 17.60.

[8]SCC §§ 23.04.200, 23.12.120(2)(b).

[9]Golberg, 96 Wn.2d at 882-83.

[10]Golberg, 96 Wn.2d at 883.

[11]Golberg, 96 Wn.2d at 885.

despite the in pari delicto doctrine, a court examines whether (1) enforcement will discourage such transactions in the future, (2) serious moral turpitude is involved, and (3) the landowner would be unjustly enriched by nonenforcement of the contract.[12]

The trial court found neither party more culpable. The court concluded, however, that the contract should be enforced because (1) the illegal transaction had been completed and the public could not be further protected, (2) no moral turpitude was involved, (3) Evans would be unjustly enriched by nonenforcement, and (4) the county code provided a sufficient remedy to protect the public's interest. We disagree with the trial court's conclusion.

Both parties, one a licensed contractor, knowingly and intentionally entered into an agreement to evade county permit requirements. Mayo suggested that the work be done during the week that the county planning office was closed, and Evans knew that the real estate contained wetlands. The work was largely completed. Evans received some benefit from the work that was done. Neither party paid a fine for violating the permit requirements. In our opinion, public policy will not be served by enforcing this agreement.

The fact that the work was completed does not necessarily mean that the public interest cannot be further protected by nonenforcement of the illegal agreement. On the contrary, such behavior may best be discouraged by the court's refusal to assist this licensed contractor, whose business is clearing and grading land, in collecting on an illegal grading contract.

Moreover, depredation of our state's wetlands necessarily involves the public interest. The knowing and intentional decision by the landowner and the licensed contractor to perform the work without a permit while the planning office was unable to respond on land that both knew or should have known may be subject to state

---

[12]*Golberg*, 96 Wn.2d at 883-85.

environmental regulation constitutes moral turpitude. Such activities are also criminal. The courts should not assist parties engaging in this behavior.

Admittedly, Evans was enriched by the work that was done on the property, but one party frequently retains the benefit of an illegal contract.[13] Unjust enrichment alone is an insufficient reason for the courts to assist in the enforcement of an illegal agreement.[14]

We conclude that the trial court erred in failing to rule that the contract was illegal and in concluding that exceptions to the in pari delicto doctrine permitted the enforcement of the illegal contract. The trial court should have dismissed ACI's claim on the real estate improvement contract.[15]

Reversed in part, affirmed in part, and remanded for entry of a judgment dismissing ACI's contract claim.

WEBSTER and KENNEDY, JJ., concur.

---

[13]*Red Devil Fireworks Co. v. Siddle*, 32 Wn. App. 521, 526, 648 P.2d 468 (1982).

[14]*Red Devil*, 32 Wn. App. at 526; *see also Reed*, 27 Wash. at 56 (noting that a court will not degrade itself by shifting the loss between parties to an illegal contract).

[15]Because we hold that the contract was illegal and unenforceable, we do not reach the propriety of the judgment amount or the award of prejudgment interest.