163 F.3d 605
 CAUFF LIPPMAN & CRANE AVIATION, INC., Plaintiff-Appellant,
v.
THE REPUBLIC OF NAURU, Defendant-Appellee.
CAUFF LIPPMAN & CRANE AVIATION, INC., Plaintiff-Appellee,
v.
THE REPUBLIC OF NAURU, Defendant-Appellant.
 No. 96-36203, 96-36261.
D.C. No. CV-95-01137-WLD.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted April 9, 1998.
Decided Sept. 3, 1998.
 
 Appeal from the United States District Court for the Western District of Washington William L. Dwyer, District Judge, Presiding.
 Before HUG, Chief Judge, REINHARDT and WIGGINS, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Cauff Lippman & Crane Aviation Inc. ("Cauff Lippman") appeals the summary judgment entered against it in favor of the Republic of Nauru ("Nauru") in Cauff Lippman's breach of contract suit. Nauru cross-appeals the district court's denial of its motion for attorneys' fees. We have jurisdiction under 28 U.S.C. § 1291, and we affirm both rulings.
 
 I.
 
 3
 We review de novo district court decisions based on the interpretation of a contract. See R.B. Matthews, Inc. v. Transamerica Transportation Servs., Inc., 945 F.2d 269, 272 (9th Cir.1991). We review for clear error district court decisions based on findings of fact. See id.
 
 II.
 
 4
 Cauff Lippman argues first that the district court erred by finding that Nauru did not breach its duty of good faith in its negotiations with Cauff Lippman. Cauff Lippman has failed, however, to show that the district court committed clear error. Substantial evidence supports the district court's findings and conclusion. Nauru's negotiator, Allan Coates, testified that he believed the parties' positions did not become any closer during the negotiations in Hawaii. He testified, and the court believed, that he told Cauff Lippman's representative, Robert Crane, at the end of the meeting that they had no agreement. Coates, Nauru's Minister of Finance Vincent Clodumar, and Nauru's attorney Thomas Allison all testified that they believed after the Honolulu negotiations that a deal was unlikely given the disagreement about the delivery conditions. The letters sent by Crane to Coates after the meeting did not relent from Cauff Lippman's demand that Nauru pay for all the delivery conditions. A party does not have to submit to another's unchanging demands in order to negotiate in good faith. Substantial evidence, therefore, supports the finding that Nauru behaved reasonably in not responding to Crane's repeated demands. The district court did not commit clear error by finding that Nauru negotiated in good faith.
 
 
 5
 Cauff Lippman next argues that the district court committed clear error by finding that the Nauru/Cauff Lippman term sheet expired on March 31, 1994. Substantial evidence, however, supports the district court's finding that time was important to the parties even though the contract did not specify that time was of the essence. Under Washington law, time is of the essence in a contract "whenever it appears to have been the intention of the parties to make time of the essence." University Properties, Inc. v. Moss, 63 Wash.2d 619, 388 P.2d 543, 545 (S.Ct.Wash.1964). Other parties had contacted Nauru about buying its aircraft long before it entered into the term sheet with Cauff Lippman and interest from other parties remained high. In his April 4 fax to Coates, Crane stated that he was "very concerned about the timing for this transaction" because his letter of intent with his lessee was about to expire and, in his April 6 fax to Coates, Crane stated that he needed confirmation that Nauru would pay for all the delivery conditions by the end of the week or he was going to pursue other aircraft on the market. Thus, the evidence points to time being of the essence to both parties.
 
 
 6
 The term sheet expired, therefore, because the conditions, a final purchase agreement between Nauru and Cauff Lippman and a final lease agreement between Cauff Lippman and Damania, did not occur by March 31. Because the term sheet had expired, the April 6 and April 8 communications from Crane constituted a new offer to buy the aircraft, rather than a tender of performance. The district court did not err in holding that Nauru was not obligated to accept this offer by Cauff Lippman because the term sheet had expired.
 
 III.
 
 7
 Nauru cross-appeals the district court's denial of its motion for attorneys' fees. We affirm.
 
 
 8
 Under Washington law, where a party sues on a contract that provides for attorneys' fees, the prevailing party is entitled to an award of reasonable attorneys' fees. See Wash. Rev.Code § 4.84.330; Herzog Aluminum, Inc. v. General American Window Corp., 39 Wash.App. 188, 692 P.2d 867, 869-70 (Wash.Ct.App.1984).
 
 
 9
 Cauff Lippman's suit was clearly based on the term sheet, which did not provide for attorneys' fees. Its demand for compensatory damages was reasonable based on the term sheet: if the conditions precedent to the term sheet occurred, then the aircraft would have been sold to Cauff Lippman on terms similar to that in the term sheet. Cauff Lippman's suit was not dependent on the existence of another contract. In particular, Cauff Lippman did not sue on any proposed purchase agreement, as argued by Nauru.
 
 
 10
 The district court properly denied Nauru's motion for attorneys' fees.
 
 
 11
 The district court's judgment in favor of Nauru and its denial of Nauru's motion for attorneys' fees are
 
 
 12
 AFFIRMED.
 
 
 
 *
 The panel finds this case appropriate for submission without argument pursuant to Fed. R.App. P. 34(a) and 9th Cir. R. 34-4