**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| BOFI FEDERAL BANK, a federally chartered banking institution, | No. 16-35006 |
| Plaintiff-Appellant, | D.C. No. 2:14-cv-00484-BJR |
| v. | MEMORANDUM[*] |
| ADVANCE FUNDING LLC; et al., | |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Western District of Washington
Barbara Jacobs Rothstein, District Judge, Presiding

Submitted December 7, 2017[**]
Seattle, Washington

Before: HAWKINS, McKEOWN, and CHRISTEN, Circuit Judges.

Sheena Venzant entered into an agreement with BofI Federal Bank (the BofI

Agreement) to assign twenty-five annual lottery payments in exchange for a lump

sum. Under Washington law, such an assignment has to be judicially approved.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

RCW § 67.70.100. Before it was, Venzant repudiated her contract with BofI and entered into a similar arrangement with Advance Funding. Advance petitioned and received judicial approval for Venzant to assign her annual prize payments to one of Advance's business associates. BofI sued Advance and its business associates, asserting tortious interference with contract and unjust enrichment. The district court granted summary judgment to Advance, holding that the BofI Agreement was contrary to public policy and therefore unenforceable. BofI timely appeals. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we reverse. *McKown v. Simon Prop. Grp. Inc.*, 689 F.3d 1086, 1091 (9th Cir. 2012).

In this diversity action, we are bound by decisions of the Washington Supreme Court. *Id.* "[I]n the absence of such a decision," our task is to "predict how the highest state court would decide the issue using intermediate appellate court decisions, among other sources of authority." *Id.* "While [Washington] recognize[s] an overarching freedom to contract, provisions are unenforceable where they are prohibited by statute." *Jordan v. Nationstar Mortg., LLC*, 185 Wash 2d. 876, 883 (2016). Moreover, "[a] contract that is contrary to the terms and policy of an express legislative enactment is illegal and unenforceable." *Tanner Elec. Coop. v. Puget Sound Power & Light Co.*, 128 Wash. 2d 656, 669 (1996) (citing *Vedder v. Spellman*, 78 Wash. 2d 834, 837 (1971)).

2

Washington courts have declined to enforce contracts where the parties have flouted a statutory requirement or colluded to evade their statutory duties, *see, e.g.*, *Hammack v. Hammack*, 114 Wash. App. 805 (2003); *Evans v. Luster*, 84 Wash. App. 447 (1996); *Kennedy v. Roda*, 41 Wash. App. 177 (1985), but the BofI Agreement did not transgress "the terms . . . of an express legislative enactment," *Tanner Elec. Coop.*, 128 Wash. 2d at 669. In fact, by making judicial approval of the assignment a condition precedent to obligations under the contract, the BofI Agreement required compliance with RCW § 67.70.100.[1]

Nor was the BofI Agreement hostile to the policy underlying RCW § 67.70.100. Washington sought, through the statute, to "extend its *parens patriae* protection to lottery winners in order to insulate them from their own human frailties and the possible excesses to which they might be subjected." *Converse v. Lottery Comm'n*, 56 Wash. App. 431, 436 (1989). The legislature's fear was that

---

[1] The unsatisfied condition precedent would have prevented BofI or Venzant from demanding immediate performance, but it did not render the contract invalid or otherwise incapable of supporting a claim for tortious interference. *See, e.g.*, *Walter Implement, Inc. v. Focht*, 107 Wash. 2d 553, 556–57 (1987) ("A condition precedent is an event occurring subsequent to the making of a valid contract which must exist or occur before there is a right to immediate performance."); *BG Grp., PLC v. Republic of Arg.*, 134 S. Ct. 1198, 1207 (2014) (condition precedent determines "when the contractual duty . . . arises, not whether there is a contractual duty . . . at all") (citing 13 RICHARD A. LORD, WILLISTON ON CONTRACTS §§ 38:7, 38:4 (4th ed. 2013)).

lottery winners might "put[] themselves into debt by assigning excessive amounts of their winnings to creditors." *Id.* Enforcing the BofI Agreement would not defeat the legislative intent behind RCW § 67.70.100.

Advance suggests that were the BofI Agreement to be deemed enforceable, a factoring company could string along a lottery winner "while it 'shopped' the deal or waited for insurance to activate." According to Advance, such an outcome offends Washington's state policy by "favoring the interest of a factoring company over an individual lottery winner." This contention is wide of the mark because BofI and Venzant were equally bound to their contract. *See Rekhter v. Dep't of Soc. & Health Servs.*, 180 Wash. 2d 102, 112 (2014) ("Under Washington law, there is in every contract an implied duty of good faith and fair dealing that obligates the parties to cooperate with each other so that each may obtain the full benefit of performance." (alteration and quotation marks omitted)); *CHG Int'l, Inc. v. Robin Lee, Inc.*, 35 Wash. App. 512, 515 (1983) ("Each party has an affirmative good faith obligation to perform conditions precedent to a contract and cannot be excused from performance of the contract by his own misconduct."). The factoring company in Advance's hypothetical would not be free to relieve itself, expressly or through artifice, of the obligations it owes to the lottery winner, and BofI did not try to do so in this case.

4

Because the validly formed BofI Agreement violated neither the letter nor the spirit of the Washington statute, it was not unenforceable as contrary to public policy. We therefore reverse the district court's order granting summary judgment in favor of Advance and remand for proceedings consistent with this disposition.

**REVERSED AND REMANDED.**