FILED
COURT OF APPEALS
DIVISION II

2013 MAY 21 AM 10: 09

WASHINGTON

BY _____
DEPUTY

# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| RICHARD BANKSTON, d/b/a AAROHN CONSTRUCTION, | No. 42850-4-II |
| Appellant, | |
| v. | |
| PIERCE COUNTY, WASHINGTON, | PUBLISHED OPINION |
| Respondent. | |

WORSWICK, C.J. — A sole proprietorship is not a legal entity separate from its owner. In this contract dispute, Richard Bankston d/b/a Aarohn Construction appeals summary judgment dismissing his suit against Pierce County. He argues that an entity named Aarohn Construction submitted a successful bid and entered into a contract with Pierce County. Holding that any contract between Richard Bankston d/b/a Aarohn Construction and the County is illegal, we affirm.

## FACTS

Pierce County solicited bids to perform a small public works project involving tree replacement. John Bankston, a sole proprietor doing business as Aarohn Construction, submitted a bid on March 23, 2006. At the time he bid, John[1] held a valid construction contractor's license issued by the Department of Labor and Industries under chapter 18.27 RCW. On March 28,

---

[1] Because John Bankston and Richard Bankston share the same last name, we refer to them by their first names for clarity, intending no disrespect.

2006, Pierce County informed John that he was the lowest responsible bidder and that he would receive the contract award.

On April 13, 2006, the Department of Labor and Industries suspended John's construction contractor's license. RCW 39.06.010(1) generally prohibits counties from executing a contract "[w]ith any contractor who is not registered or licensed as may be required by the laws of this state." John and the County had not yet executed a written contract.

Richard Bankston is John's son. In 2006, Richard worked as a security guard. Richard had done no work as a construction contractor, other than "grunt work" he performed for his father's business while in high school about 10 or 15 years earlier. Clerk's Papers (CP) at 23-24.

Richard instructed John to register him as a construction contractor. On April 25, 2006, the Department registered Richard's sole proprietorship with its own uniform business identifier (UBI number) and contractor license number. Richard's sole proprietorship was also called Aarohn Construction, and its address was the same as John's residence. Richard obtained a contractor's bond and a performance bond in his name.

In May 2006, based on John's successful bid, Pierce County executed a written contract listing the contractor as "Aarohn Construction." CP at 44-45. On the contract's signature page, John signed his name as "Contractor" and named himself as the contact person. CP at 45, 124. But John wrote Richard's UBI number and contractor license number on the signature page. John specified that the contractor was a sole proprietorship, listing the business owner's name as "R J Bankston" and the trade name as "Aarohn Const[ruction]." CP at 45. The contract called for payments totaling $132,587. The contract also required the project to be completed within 90 days of receipt of the County's notice to proceed.

Although Richard signed papers necessary to implement the contract and once visited the job site, he was not otherwise involved. Instead, John acted as "project manager" and the County paid John, not Richard. CP at 51. The contract was not completed in 90 days. John claimed that the work could not be completed on time because the County failed to provide access to the job site, to clear an adjacent parking lot so that John could fell trees, to agree to pay additional money for changes in the project's scope, and to approve his requests for additional time.

Pierce County terminated the contract when the work was not complete after 90 days. Pierce County then invoked its rights under the performance bond, and a surety paid to complete the project.

The surety then sued Richard on the performance bond and obtained a judgment against him for approximately $66,000.[2] Richard and John both testified at that trial.

Richard then sued the County for breach of contract. The County moved for summary judgment. The trial court ruled that because Richard had never submitted a bid, any contract between Richard and the County was illegal and void. Accordingly, the trial court granted the County's motion and dismissed Richard's claims.

Richard appeals.

ANALYSIS

Richard argues that the trial court erred by granting summary judgment and dismissing his breach of contract claims. We disagree.

---

[2] The record on appeal does not include the judgment in the surety's suit.

No. 42850-4-II

## I. STANDARD OF REVIEW

We review an order granting summary judgment de novo, engaging in the same inquiry as the trial court. *Schmitt v. Langenour*, 162 Wn. App. 397, 404, 256 P.3d 1235 (2011). We consider all facts in the record and reasonable inferences from those facts in the light most favorable to the nonmoving party. *Clements v. Travelers Indem. Co.*, 121 Wn.2d 243, 249, 850 P.2d 1298 (1993). Summary judgment is appropriate if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. CR 56(c). A fact is material if it affects the outcome of the litigation. *Owen v. Burlington N. Santa Fe R.R. Co.*, 153 Wn.2d 780, 789, 108 P.3d 1220 (2005).

## II. AAROHN CONSTRUCTION IS NOT A LEGAL ENTITY SEPARATE FROM RICHARD

As an initial matter, the parties dispute the identity of Aarohn Construction. Richard's arguments rely on the premise that Aarohn Construction is a single, separate legal entity. The County argues that there are, in fact, two Aarohn Constructions: John Bankston d/b/a Aarohn Construction and Richard Bankston d/b/a Aarohn Construction. We resolve this dispute in the County's favor.

Richard repeatedly, but not exclusively, refers to Aarohn Construction as if it were a single, separate entity that submitted the bid *and* entered into the contract. The County argues that the trade name Aarohn Construction refers to two different sole proprietorships. The County is correct as a matter of law.

When an individual does business as a sole proprietorship, the individual and the sole proprietorship are legally indistinguishable. *Pub. Emps. Mut. Ins. Co. v. Kelly*, 60 Wn. App. 610,

4

614, 805 P.2d 822 (1991). An individual does not create a separate legal entity by doing business as a sole proprietor. *Dolby v. Worthy*, 141 Wn. App. 813, 816, 173 P.3d 946 (2007).

Here, neither John nor Richard created a separate legal entity known as Aarohn Construction. *See Dolby*, 141 Wn. App. at 816. Instead, John and Richard each registered a sole proprietorship using Aarohn Construction as a trade name. *See State v. Morse*, 38 Wn.2d 927, 930, 234 P.2d 478 (1951). Because John and Richard are two different individuals, and because the individual and the sole proprietorship are legally indistinguishable, the trade name Aarohn Construction refers to two different sole proprietorships. *See Pub. Emps. Mut.*, 60 Wn. App. at 614.

Richard further asserts that "the ownership of Aarohn Construction changed prior to the signing of the contract." Br. of Appellant at 9. But the record provides no support for the assertion that a change in ownership occurred.[3] Considering all facts in the record and all reasonable inferences from those facts in the light most favorable to Richard, there is no genuine issue: John did not transfer ownership of his business to Richard.[4] Aarohn Construction refers to two different sole proprietorships.

---

[3] Richard's unsupported assertion is contradicted by John's testimony in the surety's suit against Richard. John testified that sometime between the bid and execution of the contract, he "closed Aarohn Construction. It was done, finished." CP at 37. Then John "formulated a new company for [his] son, Richard Bankston, under Aarohn Construction, who executed the contract with Pierce County." CP at 37. Thus John testified to the dissolution of one business and the formation of another—not a change in ownership of a single business.

[4] There is no such thing as an ownership interest in a sole proprietorship. Therefore, transferring ownership of the "business" is effectively accomplished by transferring an ownership interest in the sole proprietorship's assets. J. WILLIAM CALLISON & MAUREEN A. SULLIVAN, PARTNERSHIP LAW & PRACTICE: *Types of Entities—Sole Proprietorships* § 2:1 (2010); *see Hopkins v. Barlin*, 31 Wn.2d 260, 262-63, 196 P.2d 347 (1948). Nothing in the record shows that John transferred an ownership interest in any assets.

### III. THE CONTRACT IS VOID

Richard next argues that the trial court erred in granting summary judgment because (1) the contract is not void for illegality, (2) it is improper to determine the illegality of a contract as a matter of law, and (3) equitable estoppel bars the County from denying that an enforceable contract existed with Richard. We hold that any contract the County entered into with Richard is illegal and therefore void, and that Richard failed to preserve his equitable estoppel argument for review. Thus, summary judgment was appropriate.

A contract that is illegal is void—that is, null from the beginning and unenforceable by either party. *In re Marriage of Hammack*, 114 Wn. App. 805, 810-11, 60 P.3d 663 (2003) (citing *Sherwood & Roberts-Yakima, Inc. v. Leach*, 67 Wn.2d 630, 636, 409 P.2d 160 (1965)). An illegal contract is void even if both parties knew of the illegality at the time of formation. *Evans v. Luster*, 84 Wn. App. 447, 450-51, 928 P.2d 455 (1996).[5]

A. *The Contract Is Void for Illegality*

Richard first argues that the contract is not illegal because Aarohn Construction submitted a bid in accordance with all applicable laws. We disagree.

When a public body makes a contract in violation of competitive bidding laws, the contract is illegal and imposes no obligation on the public body. *Platt Elec. Supply, Inc. v. City of Seattle*, 16 Wn. App. 265, 279, 555 P.2d 421 (1976). Here, the Pierce County Code requires competitive bidding for all public works contracts exceeding $25,000 in value. PCC 2.106.035. In addition, to competitively bid public works contracts between $10,000 and $200,000 in value,

---

[5] In a declaration, John claimed to have informed Pierce County purchasing officials that "the business Aarohn Construction would be registered by [his] son Richard Bankston." CP at 124. One purchasing official denied this knowledge in her own declaration. But this dispute has no effect on the legality of the contract.

the County may follow the procedures established in RCW 39.04.155 for small works roster contracts. PCC 2.106.060(A)(4). The County used the small works roster procedure to award this contract.

Former RCW 39.04.155(2)(c) (2006) required a public body to award each small works roster contract "to the lowest responsible bidder, as defined in RCW 43.19.1911." As discussed above, because Aarohn Construction is not a separate legal entity, only John could have submitted the bid to the County on March 23. John submitted this bid more than a month before Richard registered his sole proprietorship. Richard did not sign the bid. Neither Richard's UBI number nor his contractor license number appeared on the bid. The record is clear that John, and not Richard, bid on the contract. Because Richard did not bid on the contract, any contract between Richard and the County did not comply with the competitive bidding requirements of PCC 2.106.035 and former RCW 39.04.155.

Accordingly, any contract between Richard and the County was made in violation of applicable competitive bidding laws. Therefore it is illegal and void. *See Evans*, 84 Wn. App. at 450-51; *Platt*, 16 Wn. App. at 279.

B.    *Illegality Can Be Determined as a Matter of Law*

Richard next argues that summary judgment is inappropriate because whether a contract is illegal is a question of fact that can only be decided after a trial. This argument lacks merit.

When a party moves for summary judgment on the ground that a contract is illegal, a court considers the motion using "the usual summary judgment standard." *Helgeson v. City of Marysville*, 75 Wn. App. 174, 181, 881 P.2d 1042 (1994) (citing *Dep't of Labor & Indus. v. Fankhauser*, 121 Wn.2d 304, 308, 849 P.2d 1209 (1993)). Accordingly, summary judgment is

7

appropriate if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *Fankhauser*, 121 Wn.2d at 308.

Arguing that the illegality of a contract can only be decided after a trial on the merits, Richard cites *Hammack*, 114 Wn. App. at 805, and *Golberg v. Sanglier*, 96 Wn.2d 874, 639 P.2d 1347 (1982). But neither case supports Richard's argument.

In *Hammack* we held that, on the record in that case, an evidentiary hearing and findings of fact were *not* necessary to support the trial court's ruling that a property settlement was illegal. *Hammack*, 114 Wn. App. at 811. *Golberg* is also unavailing to Richard's argument. In *Golberg*, an agreement's alleged illegality turned on a fact-intensive question: whether a party violated a statute during negotiations when he made an untrue statement of material fact or omitted a material fact to make representations that were misleading under the circumstances. *Golberg*, 96 Wn.2d at 879 (quoting RCW 21.20.010(2)). After a bench trial, the trial court resolved the factual issues to determine that the agreement was not illegal based on a party's conduct during negotiations. *See Golberg*, 96 Wn.2d at 875, 878, 880. But *Golberg* does not establish a general rule that the illegality of a contract can *only* be decided after a trial.

Richard's argument fails. Given the facts in this record, there is no genuine issue of material fact and the contract is void for illegality as a matter of law. Because a void contract is unenforceable, the County is entitled to summary judgment dismissing Richard's breach of contract claim.

## C.     *Richard's Equitable Estoppel Argument Was Not Raised at the Trial Court*

Lastly, Richard argues that the County is equitably estopped from denying an enforceable contract with Richard. Because Richard did not raise this issue in the trial court, he has failed to preserve this argument for review.

In general, a party is not entitled to raise an issue or argument for the first time on appeal. RAP 2.5(a); *Lunsford v. Saberhagen Holdings, Inc.*, 139 Wn. App. 334, 338, 160 P.3d 1089 (2007). Although RAP 2.5(a) allows us to affirm the trial court's judgment on any ground supported by the record, here Richard asks us to reverse the trial court's order granting summary judgment. Further, when reviewing an order granting or denying summary judgment, we consider only "issues called to the attention of the trial court." RAP 9.12.

Citing clerk's papers at 114, Richard contends that his equitable estoppel argument "is identical to the issue briefed in response to Pierce County's Motion for Summary Judgment." Reply Br. of Richard at 7. But this contention misrepresents the record. Richard's response to the motion for summary judgment did not raise equitable estoppel or any other reason preventing the County from denying the existence of an enforceable contract. Richard's citation to the record points to an argument concerning substantial compliance with chapter 18.27 RCW. Because Richard failed to call the trial court's attention to an equitable estoppel argument, he failed to preserve this argument for review. *See* RAP 2.5(a), 9.12. We hold that any contract between Richard and the County is illegal and therefore void. We affirm the trial court's summary judgment dismissing Richard's claims.

No. 42850-4-II

## ATTORNEY FEES

Both parties request attorney fees or costs on appeal. A party may recover attorney fees or costs on appeal if applicable law authorizes the award and the party devotes a section of its opening brief to the request. RAP 18.1(a), (b).

RAP 18.9(a) authorizes this court, in response to a motion or sua sponte, to sanction a party who (1) uses the rules of appellate procedure for purposes of delay, (2) files a frivolous appeal, or (3) fails to comply with the rules of appellate procedure. We exercise our discretion and decline to award attorney fees to either party in this case.

Affirmed.

_____
Worswick, C.J.

We concur:

_____
Penoyar, J.

_____
Bjorgen, J.

10