

# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | | |
|---|---|---|
| ALBERTA ACOSTA, an individual, | ) | No. 72146-1-I |
| | ) | |
| Appellant, | ) | (Consolidated with |
| | ) | No. 72647-1-I) |
| v. | ) | |
| | ) | DIVISION ONE |
| PARC ENCHANTED PARKS, LLC, | ) | |
| a Florida LLC, | ) | UNPUBLISHED OPINION |
| | ) | |
| Respondent. | ) | FILED: September 21, 2015 |
| | ) | |

LEACH, J. — The trial court dismissed Alberta Acosta's personal injury complaint because she failed to accomplish service of process within the statute of limitations period. The court later denied Acosta's motion seeking postjudgment relief from the order of dismissal. We affirm both rulings.

## FACTS

On July 18, 2013, the day before the statute of limitations expired on her claim, Alberta Acosta filed a personal injury complaint in King County Superior Court. Acosta named PARC Enchanted Parks LLC, a Florida-based limited liability company, as the defendant. According to her complaint, Acosta sustained a back injury at PARC's Wild Waves water park on July 19, 2010.

On or about September 10, 2013, an employee of the Thurston County Sheriff's Office attempted to serve a copy of Acosta's summons and complaint at

the Tumwater, Washington, office of CorpDirect Agents Inc. CorpDirect personnel refused to accept service and informed the deputy sheriff that CorpDirect was no longer the Washington registered agent for PARC.

On January 22, 2014, PARC filed a notice of appearance. PARC next filed a motion to dismiss. PARC argued that Acosta failed to serve the summons and complaint within 90 days of filing the complaint as required by RCW 4.16.170. Thus, the statute of limitations barred Acosta's claim. According to the declaration of Randall Drew, PARC's chief executive officer, the company received a copy of the summons by regular mail at its Florida headquarters on January 14, 2014. About a week later, Acosta served a copy of the summons and a complaint, signed on January 17, 2014, on National Registered Agents Inc. (NRAI) at its Olympia, Washington, office.

Acosta did not respond to the motion to dismiss. But her counsel appeared at the hearing and requested an extension of time in order to contact the office of the Washington Secretary of State to ascertain the identity of PARC's registered agent on September 10, 2013, the date Acosta attempted to serve the complaint at the CorpDirect office.

In a declaration supporting the request, Acosta's counsel stated that he contacted the secretary of state to obtain information about PARC's registered

-2-

agent. Counsel did not specify when this contact occurred.[1] Upon learning that CorpDirect had not accepted service of the summons and complaint, counsel stated that he contacted the secretary of state's office again and obtained "new registered agent information." According to counsel, he once again asked the Thurston County Sheriff's Office to serve the pleadings, but the "sheriff's officer served a different entity than the one they [were] instructed to." Acosta supplied evidence of the return of service on CorpDirect on September 10, 2010, but no evidence to substantiate a second attempted service.[2]

The court reserved ruling on PARC's motion. The court allowed Acosta additional time to submit documentation, if available, from the secretary of state's office to show that CorpDirect was the registered agent on September 10, 2013. The court's order indicated that the court would reset a hearing if Acosta provided such proof, but otherwise the court would issue an order without a further hearing.

Acosta eventually obtained two corporate documents from the secretary of state's office and provided certified copies to the court. The first document, an

---

[1] At the April 2014 hearing on the motion to dismiss, PARC's counsel informed the court that Acosta's counsel represented to her that he contacted the secretary of state within six months to a year after the 2010 accident.

[2] Acosta filed a declaration by Deputy Sheriff Mike Hazlett in support of her motion to vacate that described only the initial service attempt in September 2013 and service at the NRAI office in January 2014.

"initial report" PARC filed on May 1, 2013, listed the registered agent as CorpDirect at the Tumwater address. The second, an "annual report" PARC filed in November 2013, listed the registered agent as NRAI at an Olympia address. Based on these documents, Acosta argued that CorpDirect was the registered agent in September 2013, despite its refusal to accept service.

In reply, PARC provided documents indicating that NRAI in Olympia replaced CorpDirect as the registered agent in January 2013.[3] In addition to the form changing the registered agent, PARC submitted the declaration of Michelle Rowe, corporate operations manager for NRAI. Rowe testified that according to NRAI's business records, NRAI has been PARC's registered agent in Washington since January 2013. Rowe testified that after NRAI filed a "bulk Change of Registered Agent" form to change the registered agent for PARC and numerous other companies with the secretary of state in January 2013, she personally contacted the secretary of state to confirm its acceptance of the form. Rowe conceded that PARC's May 2013 initial report contained an error because it was "pre-filled" with CorpDirect's information. However, she verified that the secretary of state did not make any change in its records regarding PARC's

---

[3] The file stamp on this document indicates that it was filed in January 2012, but the date of signature and other information in the record demonstrate that it was filed in January 2013.

registered agent based on the initial report and that since January 2013, the secretary of state has listed NRAI as the agent.

On May 30, 2014, the court dismissed the case. Acosta appeals from the entry of the order of dismissal.

Approximately two months later, Acosta's newly hired counsel filed a motion seeking relief from the order of dismissal under CR 60. In connection with this motion, both parties filed additional documents, mostly about the information in the secretary of state's database and records during the relevant time frame. Acosta's former counsel also submitted a declaration and police report documenting his involvement in a serious collision with a pedestrian shortly before the court issued the May 30, 2014, order. The court denied Acosta's motion. Acosta filed a notice of appeal of this decision. This court consolidated Acosta's appeals.

## SUFFICIENCY OF SERVICE OF PROCESS

A plaintiff must commence a personal injury claim within three years of the date of the alleged injury.[4] In general, a party may commence a civil action either by service of process or by filing the complaint, "whichever occurs first."[5] Under RCW 4.16.170, if the plaintiff commences the action by filing a complaint,

---

[4] RCW 4.16.080(2).
[5] RCW 4.16.170; CR 3.

No. 72146-1-I (consol. with
No. 72647-1-I) / 6

he or she must serve one or more of the named defendants within 90 days of the filing in order to toll the statute of limitations.[6] To serve process on a foreign corporation doing business in Washington, a party must deliver a copy of the summons to an agent or secretary of the corporation.[7] While a plaintiff may also serve a defendant out of state, there is no evidence that Acosta attempted to serve PARC in Florida in accordance with RCW 4.28.180.

PARC sought dismissal under CR 12(b)(2) (lack of personal jurisdiction), (4) (insufficiency of process), (5) (insufficient service of process), and CR 56. If the trial court considers materials outside the pleadings, as it did here, we review its decision under the de novo standard of review for summary judgment, viewing all factual inferences in favor of the plaintiff.[8] We will affirm an order granting

---

[6] RCW 4.16.170 provides:
> For the purpose of tolling any statute of limitations an action shall be deemed commenced when the complaint is filed or summons is served whichever occurs first. If service has not been had on the defendant prior to the filing of the complaint, the plaintiff shall cause one or more of the defendants to be served personally, or commence service by publication within ninety days from the date of filing the complaint. If the action is commenced by service on one or more of the defendants or by publication, the plaintiff shall file the summons and complaint within ninety days from the date of service. If following service, the complaint is not so filed, or following filing, service is not so made, the action shall be deemed to not have been commenced for purposes of tolling the statute of limitations.

[7] RCW 4.28.080(10).

[8] State v. AU Optronics Corp., 180 Wn. App. 903, 912, 328 P.3d 919 (2014).

-6-

summary judgment if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law.[9]

Acosta contends that the trial court erred in dismissing her complaint because the evidence before the court established that CorpDirect was PARC's registered agent in Washington on the date she attempted service. Specifically, Acosta claims that the May 2013 initial report listing CorpDirect, together with the November 2013 annual report identifying NRAI, prove that CorpDirect in Tumwater was PARC's registered agent between May 2013 and November 2013.

But Acosta has never asserted that she was aware of or relied on these or any other corporate documents when she attempted to serve PARC. Indeed, such a claim would be inconsistent with her counsel's testimony. According to her former counsel's declaration, he made two attempts to serve PARC in reliance upon information obtained from the secretary of state's office. Acosta provided no evidence about what the secretary of state's records reflected at the relevant time. And counsel tellingly omitted any information about when he contacted the secretary of state. He did not specify what new information he received after CorpDirect refused to accept service, what entity he then

---

[9] Fulton v. Dep't of Soc. & Health Servs., 169 Wn. App. 137, 147, 279 P.3d 500 (2012); CR 56(c).

instructed the sheriff's office to serve, or when a second service attempt took place. The only evidence in the record about subsequent service is service at the NRAI office in January 2014, several months after the statute of limitations expired. The argument that an error in PARC's May 2013 corporate filing created an ambiguity and required the court to hold an evidentiary hearing ignores the testimony that counsel relied on the secretary of state's representation, not on PARC's corporate documents.

Nor does the record include anything suggesting that the initial corporate report invalidated PARC's earlier action of changing its registered agent from CorpDirect to NRAI. Acosta claims that the "Statement of Change of Registered Agent/Office" form filed with the secretary of state in January 2013 was not valid. She points out that the change of agent form is missing the new registered agent's signature in one section and that the form indicates an intent to change only the registered agent's office address.

But the parties agree that a representative of NRAI signed the form in the "authorized signature" section of the form. No authority or evidence establishes that the secretary of state did not give effect to the form because of a missing signature in one section. Also, because the form clearly identifies CorpDirect in

Tumwater as the current agent and NRAI in Olympia as the new agent, it cannot reasonably be interpreted as a request to change only the agent's office address.

Acosta also claims the trial court should not have considered Rowe's testimony about what she learned after contacting the secretary of state's office and what the records reflected because it was based on hearsay. But she did not object below to the admissibility of the evidence.[10] And even disregarding the portions of Rowe's declaration that arguably contain hearsay, the admissible evidence before the court on summary judgment did not demonstrate that CorpDirect in Tumwater was PARC's registered agent on September 10, 2013, or that Acosta reasonably believed that was the case.

Alternatively, Acosta contends that even if NRAI was the registered agent, the court should have considered service on PARC at the CorpDirect office to be sufficient because the two entities were essentially the same. Acosta bases this argument on Rowe's admission in her 2014 declaration that at some point in the past, "NRAI has done business as . . . CorpDirect." Acosta also cites the fact that after receiving her complaint in January 2014, NRAI transmitted the complaint to PARC using CorpDirect letterhead. But below, Acosta opposed

_____

[10] See Bonneville v. Pierce County, 148 Wn. App. 500, 509, 202 P.3d 309 (2008); see also RAP 9.12 ("On review of an order granting or denying a motion for summary judgment the appellate court will consider only evidence and issues called to the attention of the trial court.").

PARC's motion only on the ground that CorpDirect was the registered agent in September 2013. The trial court had no opportunity to consider this argument. We consider only "'issues called to the attention of the trial court'" when "reviewing an order granting or denying summary judgment."[11]

In any event, evidence that NRAI did business in the past as CorpDirect and its use of CorpDirect letterhead does not establish that the entities were acting as one in September 2013. Evidence of a relationship between Corpdiect and NRAI does not alter the fact that in January 2013, NRAI, operating at an Olympia address, became PARC's registered agent.

Finally, Acosta claims that the court was required to hold another hearing on the motion to dismiss. She further contends that she was prejudiced by entry of the court's order without 5 days' notice of presentation because she was deprived of the opportunity to argue that a new hearing was required.[12] We disagree on both counts. The court held a hearing on PARC's motion. Nothing in the court's initial order reserving its ruling required a second hearing. The court expressly retained discretion to enter the order without a further hearing based on its assessment of the record. As explained, because the evidence before the court did not establish that Acosta timely accomplished service on

---

[11] Bankston v. Pierce County, 174 Wn. App. 932, 941, 301 P.3d 495 (2013) (quoting RAP 9.12).
[12] See CR 54(f)(2).

-10-

No. 72146-1-I (consol. with
No. 72647-1-I) / 11

PARC, the court did not abuse its discretion in proceeding without another

hearing.[13]

MOTION TO VACATE

Acosta next challenges the trial court's denial of her CR 60(b) motion to

vacate the May 2014 order of dismissal. She asserts that the court should have

granted her motion based on "multiple procedural irregularities" and "unavoidable

casualty or misfortune" in obtaining the order.[14]

The decision to grant or deny a motion to vacate a judgment under CR

60(b) is within the trial court's discretion.[15] Therefore, we review CR 60(b) orders

for an abuse of discretion.[16] A trial court abuses its discretion if its decision is

based on untenable grounds or reasons.[17] Unlike an appeal, a CR 60(b) motion

is not a mechanism for correcting errors of law.[18] We therefore review only the

---

[13] In moving to dismiss, PARC asserted that not only was Acosta's claim barred by the statute of limitations, the summons misstated the defendant's response time. Because of our conclusion that Acosta failed to accomplish effective service, we need not address the issue of defective process.

[14] See CR 60(b)(1), (9).

[15] Jones v. City of Seattle, 179 Wn.2d 322, 360, 314 P.3d 380 (2013).

[16] Tamosaitis v. Bechtel Nat'l, Inc., 182 Wn. App. 241, 254, 327 P.3d 1309, review denied, 181 Wn.2d 1029 (2014).

[17] Tamosaitis, 182 Wn. App. at 254.

[18] Burlingame v. Consol. Mines & Smelting Co., 106 Wn.2d 328, 336, 722 P.2d 67 (1986).

-11-

trial court's decision to deny the motion to vacate—not the underlying order that Acosta sought to vacate.[19]

CR 60(b)(1) allows the trial court to vacate a judgment due to "[m]istakes, inadvertence, surprise, excusable neglect, or irregularity in obtaining a judgment." An irregularity is an action that does not follow a prescribed rule or mode of proceeding, including the failure to take an action that is necessary for the due and orderly conduct of a lawsuit or taking a necessary action in an improper manner.[20] Under CR 60(b)(9), a court may relieve a party or the party's legal representative from a final judgment, order, or proceeding if the court finds "[u]navoidable casualty or misfortune prevent[ed] the party from prosecuting or defending."

Acosta did not identify any irregularity in obtaining the order. The failure to hold a second hearing was not a procedural irregularity. Again, nothing in the court's prior order or in CR 56 required the court to hold this hearing. Acosta's argument that the court decided against a further hearing based on flawed legal analysis is simply a challenge to the validity of the underlying order and beyond the scope of review of the denial of a motion to vacate.

---

[19] See Bjurstrom v. Campbell, 27 Wn. App. 449, 450-51, 618 P.2d 533 (1980).

[20] Little v. King, 160 Wn.2d 696, 722-23, 161 P.3d 345 (2007).

Acosta's attorney's involvement in a serious collision might amount to an unavoidable casualty or misfortune within the meaning of CR 60(b)(9). But she made no showing that the incident actually prevented her from prosecuting her case or defending against PARC's motion. Acosta had ample opportunity to provide evidence and to defend against PARC's motion. Before the accident, she had, in fact, already been granted an extension, then submitted evidence and filed a brief in support of her position. Acosta claims that the May 23 accident prevented her counsel from challenging PARC's evidence in reply, advocating for a hearing, or moving for reconsideration. We cannot infer this from the limited information in the record. And even if we assume that but for the accident, Acosta would have provided the evidence she later supplied in support of her motion to vacate at an earlier point, the supplemental evidence did not establish that CorpDirect was the active registered agent on the date of attempted service.[21]

---

[21] In support of her motion, Acosta submitted the declaration of a deputy sheriff of the Thurston County Sheriff's Office and a cover sheet submitted with the change of agent form. She also submitted the declaration of Patrick Reed, operations manager for the Division of Corporations and Charities in the Washington Secretary of State's Office, who confirmed that the May 2013 initial report listing CorpDirect as the agent is included in PARC's public file. In response, PARC submitted another declaration of Reed, stating that "as of January 25, 2013, the Division's database was updated to indicate that the Registered Agent for PARC was [NRAI] at the Olympia address. No subsequent change of registered agent form was filed with the Division after January 2013."

In sum, the evidence before the trial court demonstrated that Acosta did not accomplish service of process within 90 days of filing her complaint. Therefore, the court properly dismissed Acosta's claim as barred by the statute of limitations. The court also properly exercised its discretion in denying Acosta's motion to vacate.

Affirmed.

_____Leach, J_____

WE CONCUR:

_____Trickey, J_____     _____Spearman, C.J._____