

IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| DARLENE JEVNE, | ) | |
| | ) | No. 34939-0-III |
| Appellant, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| THE PASS, LLC, a Washington limited | ) | PUBLISHED OPINION |
| liability company, d/b/a The Pass Life, and | ) | |
| BRYCE PHILLIPS and JANE DOE | ) | |
| PHILLIPS, husband and wife and their | ) | |
| marital community, | ) | |
| | ) | |
| Respondents. | ) | |

KORSMO, J. — Darlene Jevne brought this action to assert the rights of her homeowners' association, even though that group did not authorize her to do so. Concluding that she lacked standing to pursue this case under these facts, we affirm, although on different grounds, the trial court's decision to dismiss the case on summary judgment.

## FACTS

This litigation centers on residential developments at Snoqualmie Pass. Ms. Jevne is a resident of one such development, a planned unit development known as The Village at the Summit. Respondent is The Pass LLC, developer of a community adjacent to The

Village.  At issue is a surface water retention pond, allegedly belonging to the homeowners association (HOA) of The Village, but used by both The Village and The Pass.

When The Village was platted in 1990 by Snoqualmie Summit Inn, Inc. (Snoqualmie), the property that Ms. Jevne ultimately acquired was listed as Lot 31. Across the street from Lot 31 is Tract A, the retention pond.  Tract E on that plat map, a portion of The Village, was reserved for subsequent development.  An easement granted Tract E the right to drain its surface water into Tract A.  Snoqualmie subsequently sold Tract E to The Pass, which then began developing the property.  Whether or not there are any individual property owners of lots within Tract E, and whether they or The Pass are also members of the HOA, is not clear in our record.[1]

In 2013, operating with the permission of Snoqualmie, The Pass removed three trees from Tract A, ran a drain pipe into that lot, and made other efforts to improve the tract's ability to hold surface water.  In the fall of 2014, Ms. Jevne purchased Lot 31 and became a member of the HOA.  The following year, she filed the current action in her own name against The Pass LLC and its manager.

The complaint alleged that the HOA owned Tract A and stated claims for damages and injunctive relief resulting from trespass, water drainage trespass, nuisance, and

---

[1] The Pass answered the complaint and acknowledged it was not a member of the HOA and was uncertain if its property was intended to be included within the HOA. Clerk's Papers (CP) at 13.

2

overburdening an easement. The complaint contained no allegations that Ms. Jevne had

been authorized to sue on behalf of the HOA or that she had requested permission of the

HOA to act. The Pass answered the complaint and alleged that Snoqualmie owned Tract

A and that it had acted with permission of Snoqualmie. It also asserted that Ms. Jevne

lacked standing to pursue the action.

The Pass subsequently brought a motion to dismiss pursuant to CR 12(b)(6),[2]

alleging that Ms. Jevne lacked standing for several reasons, including (1) neither Ms.

Jevne nor the HOA owned Tract A, (2) Ms. Jevne did not allege any damage to her own

property, and (3) Ms. Jevne acquired her land after the actions she complained about.

Clerk's Papers (CP) at 231, 234. In response, Ms. Jevne claimed that Tract A had been

conveyed to the HOA by the 1990 plat documents and that as a member of the HOA, she

had a contingent interest in the property that gave her standing to act. CP at 18-27.

Believing that there were unresolved factual questions that needed to be

determined, the trial court denied the motion to dismiss and a subsequent motion for

reconsideration. Several months later, respondents brought a motion for summary

judgment on several theories. The trial court ultimately granted that motion and

dismissed plaintiff's case.

---

[2] The Pass also included evidence outside of the record and correctly noted that its motion was properly treated as a summary judgment if that evidence was considered. CP at 234.

Ms. Jevne then appealed to this court from the summary judgment ruling. The Pass cross appealed from the denial of its motion to dismiss for lack of standing. The parties presented oral argument on the case.

ANALYSIS

The sole issue we address is the dispositive matter of standing asserted in the cross appeal. Ms. Jevne failed to establish her authority to bring this suit.

"Every action shall be prosecuted in the name of the real party in interest." CR 17(a). The purpose of this rule is to "'protect the defendant against a subsequent action by the party actually entitled to recover, and to insure generally that the judgment will have its proper effect as res judicata.'" *Beal v. City of Seattle*, 134 Wn.2d 769, 777, 954 P.2d 237 (1998) (quoting 3A JAMES WM. MOORE, MOORE'S FEDERAL PRACTICE ¶ 17.01[8] (Daniel R. Coquillette et al. eds., 2d ed. 1996)).

The issue of standing is reviewed de novo by appellate courts. *Knight v. City of Yelm*, 173 Wn.2d 325, 336, 267 P.3d 973 (2011). Standing is a jurisdictional concern that can be presented for the first time on appeal. RAP 2.5(a)(1); *Int'l Ass'n of Firefighters*, *Local 1789 v. Spokane Airports*, 146 Wn.2d 207, 212-13 n.3, 45 P.3d 186 (2002). An appellate court can even raise the issue sua sponte. *In re Recall of West*, 156 Wn.2d 244, 248, 126 P.3d 798 (2006); *Branson v. Port of Seattle*, 152 Wn.2d 862, 875 n.6, 101 P.3d 67 (2004).

4

A party has standing to pursue an action when she is within the protected zone of interests and has suffered an injury in fact. *Branson*, 152 Wn.2d at 875-76. "Stated another way, a party has standing if it demonstrates 'a real interest in the subject matter of the lawsuit, that is, a present, substantial interest, as distinguished from a mere expectancy, or future, contingent interest, and the party must show that a benefit will accrue it by the relief granted.'" *Timberlane Homeowners Ass'n v. Brame*, 79 Wn. App. 303, 308, 901 P.2d 1074 (1995) (quoting *Primark, Inc. v. Burien Gardens Assocs.*, 63 Wn. App. 900, 907, 823 P.2d 1116 (1992)).

In cases of third party standing, Washington courts apply the three factors used by the United States Supreme Court:

> The litigant must have suffered an "injury in fact," thus giving him or her a "sufficiently concrete interest" in the outcome of the issue in dispute, . . . the litigant must have a close relation to the third party, . . . and there must exist some hindrance to the third party's ability to protect his or her own interests.

*Powers v. Ohio*, 499 U.S. 400, 411, 111 S. Ct. 1364, 113 L. Ed. 2d 411 (1991) (internal citations omitted); *see T.S. v. Boy Scouts of Am.*, 157 Wn.2d 416, 424 n.6, 138 P.3d 1053 (2006) (citing *Mearns v. Scharbach*, 103 Wn. App. 498, 512, 12 P.3d 1048 (2000)); *State v. Burch*, 65 Wn. App. 828, 837, 830 P.2d 357 (1992).

Critically important here is CR 23.1 involving derivative actions. It provides:

> In a derivative action brought by one or more shareholders or members to enforce a right of a corporation or of an unincorporated association, the corporation or association having failed to enforce a right which may

5

properly be asserted by it, the complaint shall be verified and shall allege
(a) that the plaintiff was a shareholder or member at the time of the
transaction of which the plaintiff complains or that the plaintiff's share or
membership thereafter devolved on the plaintiff by operation of law, and
(b) that the action is not a collusive one to confer jurisdiction on a court of
this state which it would not otherwise have. The complaint shall also
allege with particularity the efforts, if any, made by the plaintiff to obtain
the action the plaintiff desires from the directors or comparable authority
and, if necessary, from the shareholders or members, and the reasons for the
plaintiff's failure to obtain the action or for not making the effort. The
derivative action may not be maintained if it appears that the plaintiff does
not fairly and adequately represent the interests of the shareholders or
members similarly situated in enforcing the right of the corporation or
association.

(Emphasis added.)

Also to be considered is RCW 64.38.020, the statute granting authority for

homeowner's associations to act. With respect to litigation, the statute provides that a

homeowner's association may:

Institute, defend, or intervene in litigation or administrative proceedings in
its own name on behalf of itself or two or more owners on matters affecting
the homeowners' association, but not on behalf of owners involved in
disputes that are not the responsibility of the association.

RCW 64.38.020(4).[3]

Assuming[4] for purposes of this litigation that the HOA did own Tract A, Ms.

Jevne has not demonstrated her ability to assert that interest for the HOA under any of the

---

[3] This provision is consistent with the authority granted nonprofit corporations.
*See* RCW 24.03.035.
[4] Counsel for The Pass at oral argument likewise assumed that for purposes of this
litigation, Tract A could be treated as if it were owned by the HOA.

tests for standing noted above. She does not qualify under CR 23.1. Despite her standing having been challenged in the trial court, she neither pleaded her compliance with rule 23.1 nor answered the motion with proof that she qualified under the rule to represent the interests of the HOA. She also does not appear to satisfy the requirements of the rule since she was not a member of the association at the time of the events giving rise to this litigation and our record does not reflect whether the HOA was even contacted about the concerns that gave rise to this litigation.[5] Standing is not conferred by CR 23.1.

Ms. Jevne also fails to establish first party standing in her own right or third party standing to assert the rights of the HOA. Although we believe that membership in the HOA undoubtedly put her in the zone of interest necessary to assert first party standing, she did not establish that *she* had suffered an injury in fact. Indeed, it was uncontested that her own property had suffered no damages from the use of Tract A. She had no first party standing. *Branson*, 152 Wn.2d at 875-76. Even under the alternative theory of *Timberlane*, Ms. Jevne had nothing but a possible contingent future interest in the property. That is insufficient. *Timberlane*, 79 Wn. App. at 308.

Ms. Jevne also is unable to establish third party standing under the *Powers* test. She did not establish the personal injury that gave her a "concrete interest" in the outcome. 499 U.S. at 411. She likewise did not demonstrate how the HOA was hindered

---

[5] Counsel for both parties advised us at oral argument that, although not in the record of this litigation, the HOA was advised and chose not to become involved.

in protecting its own interests. *Id.* Rather than being prevented from acting, it appears that the HOA chose not to become involved. Third party standing simply was not available here.

Against these authorities, Ms. Jevne asserts standing under the decision in *Schroeder v. Meridian Imp. Club*, 36 Wn.2d 925, 221 P.2d 544 (1950). Even assuming that *Schroeder* still has validity under the modern statutes governing corporation and homeowner's association litigation authority, a close reading of that decision undercuts Ms. Jevne's argument. There a neighborhood had formed a social club opened to all property owners within the vicinity. The club eventually became incorporated and certain members purchased a building that they held in trust for the use of the club. *Id.* at 927. Declining membership led to a decision by the trustees to sell the property. *Id.* After the trustees were repaid the purchase expenses, the remaining $274.80 was distributed to the paid-up members of the club. *Id.* at 928. Several classes of disaffected neighbors challenged the decision by seeking to set aside the sale. *Id.*

Although the trial court found standing and determined that the sale should be set aside due to violation of the by-laws, the Washington Supreme Court reversed due to lack of standing. The court noted that under the governing corporate laws, a nonstock corporation holds property for the benefit of its members, each of whom would be entitled to a pro-rata share of the proceeds upon dissolution of the corporation. *Id.* at 930. That right granted a present interest in the property of the corporation, but that right

8

"exists as an incident of membership and not because of any ownership of the property of the corporation." *Id*. Based on these statements from *Schroeder*, Ms. Jevne claims standing due to the possibility that she will still be a member of the HOA at the time it might dissolve. That claim fails under *Schroeder*'s disposition of the standing arguments.

The court determined that none of the classes of members who brought suit had standing. Those who had not paid membership dues were not members even though they were eligible to join. *Id*. at 932. Those who were trustees were unable to sue because the club had not defaulted on its obligations; the other trustees had simply decided to disband due to the declining membership. *Id*. at 932-33. Finally, those members who had not yet paid their dues for the year were not members entitled to notice or a share of the proceeds. *Id*. at 933-34. Thus, all of the plaintiffs lacked standing and the case was reversed. *Id*. at 934.

Ms. Jevne argues that, unlike two of the classes at issue in *Schroeder*, she was an active member of the HOA and could sue due to her contingent interest in the disposition of Tract A in the event the HOA dissolves. This interpretation of *Schroeder* puts it in conflict with *Timberlane* and *Primark*, both of which recognized that a contingent interest fails to grant standing. Initially, it is easy enough to distinguish *Schroeder* on its facts from Ms. Jevne's situation. The corporation at issue in *Schroeder* was undergoing dissolution. *Id*. Here, the HOA was not dissolving, so there was no current expectancy that ripened the otherwise contingent interest into an enforceable present interest.

9

Secondly, the discussion in *Schroeder*, even assuming that Washington's corporate laws were the same on this topic in 1950 as they are today, technically was *dicta* since none of the nontrustee plaintiffs[6] were current members of the club. The issue of whether corporate members have an enforceable current property interest when the corporation was not undergoing dissolution was not before the *Schroeder* court. Ms. Jevne's claim that she has standing under that decision simply is not supported by the facts of the case.

Instead, we believe that the rule of *Timberlane* and *Primark* governs these facts. Ms. Jevne has not established standing to assert the rights of the HOA under either CR 23.1 or the alternative tests for standing. Accordingly, the motion to dismiss should have been granted.

The judgment is affirmed.

Korsmo, J.

WE CONCUR:

Fearing, J.

Pennell, A.C.J.

---

[6] Tellingly, even the trustee plaintiffs who had purchased the property for the club lacked standing because the club had not defaulted on its obligations and had paid back the trustees' contributions with interest. *Schroeder*, 36 Wn.2d at 932-33. If those plaintiffs lacked standing despite their direct relationship to the property, a mere member plaintiff certainly would lack standing under *Schroeder*.