# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION  II

| | |
|---|---|
| PORT ORCHARD AIRPORT, INC., a Washington corporation,<br><br>Respondent,<br><br>v.<br><br>SHANNON WAGNER, dba NORTHWEST CABINETS & FURNATURE; CLAIRE MISENAR aka CLAIRE WAGNER dba NORTHWEST CABINETS & FURNATURE; and the Marital Community of SHANNON WAGNER and CLAIRE MISENAR,<br><br>Appellants. | No.  52498-8-II<br><br><br><br>UNPUBLISHED OPINION |

SUTTON J. — This appeal arises from counterclaims filed by Shannon Wagner,[1] former owner of Northwest Cabinets & Furniture—a sole proprietorship—against Port Orchard Airport, Inc. over work Wagner performed and a lease between the parties.  At the time Wagner filed the counterclaims, he had sold the business to his wife, Claire Misenar, several years earlier. Following a favorable jury verdict for Wagner, Port Orchard Airport moved to dismiss, and the trial court ruled that Wagner did not have standing to bring the counterclaims on his own and that Misenar could not ratify the counterclaims.  The trial court dismissed the counterclaims, and

---

[1] Appellants are Shannon Wagner, formerly doing business as Northwest Cabinets & Furniture, and the martial community of Shannon Wagner and Claire Wagner, also known as Claire Misenar. Misenar, the owner of the business, was dismissed at trial after stipulating to judgment against her. As explained below, the counterclaims at issue were asserted only by Shannon Wagner.  Thus, for clarity, we refer to Shannon Wagner as Wagner and Claire Misenar as Misenar.

Wagner appeals the court's dismissal. Because Wagner had standing, we reverse the trial court's order dismissing the counterclaims and remand with directions to the trial court to reinstate the jury verdict in favor of Wagner.

FACTS

Port Orchard Airport sued Wagner dba Northwest Cabinets & Furniture, Misenar dba Northwest Cabinets & Furniture, and the marital community of Wagner and Misenar for money due under a promissory note and for breach of a lease. This appeal arises out of counterclaims Wagner filed against Port Orchard Airport in that same suit. The counterclaims all listed that they were being brought by "defendants," not by any individual defendant. Clerk's Papers (CP) at 49-72. All counterclaims but three were dismissed prior to trial, so those three claims are the only ones at issue in this appeal.[2]

Misenar bought Northwest Cabinets & Furniture from Wagner on January 1, 2013, before they were married. Wagner continues to work for the business.

The Friday before trial was scheduled to start, Wagner's attorney informed Port Orchard Airport's attorney that Wagner was the sole claimant for the counterclaims and that Misenar was not joining any of the counterclaims. The morning trial started, May 7, 2018, Port Orchard Airport informed the trial court that it planned to move to dismiss the counterclaims due to Wagner's lack of standing. Port Orchard Airport also filed a motion in limine to exclude any evidence or reference of damages or lost profits made by Wagner after he sold the business to Misenar.

---

[2] Following the initial dismissal of some of the counterclaims, there are three remaining counterclaims at issue on appeal: a breach of contract claim for work performed in 2015), a quantum meruit/unjust enrichment claim for work done from March 2014-October 2014, and a breach of contract claim related to the October 2015 alleged breach of the lease.

Wagner requested the court continue the trial. When asked who was asserting the counterclaims, Wagner's attorney said that it was only Wagner and that "Ms. Misenar never wanted anything to do with this case. This was between Mr. Wagner and Mr. Schnizter.[3] And it's always been that way. Shannon – Mr. Wagner is the one pursuing his counterclaims." CP at 545. The trial court deferred a ruling on the motion in limine.

On the third day of trial, Misenar confessed judgment, and the trial court entered judgment against her and dismissed her as a party. The jury found, on a special verdict form, that Wagner had entered into a contract with Port Orchard Airport and awarded damages to Wagner.

Following this verdict, Port Orchard Airport filed a motion to dismiss the counterclaims based on Wagner's lack of standing under CR 17. The trial court held a hearing on July 12, and found that Wagner was not an owner of the business, and, therefore, it granted Port Orchard Airport's motion to dismiss Wagner's counterclaims. In its written order, the trial court detailed the following procedure and factual history:[4]

> 1. The tenant under the alleged oral lease at issue in this case was a sole proprietorship known as "Northwest Cabinets and Furniture" (hereinafter the "Business").
>
> 2. Prior to January 1, 2013, Defendant Shannon Wagner owned and operated a cabinet manufacturing business known as Northwest Cabinets & Furniture, a sole proprietorship.
>
> 3. On January 1, 2013, Mr. Wagner sold all of the assets, intellectual property and trade names of the Business to Claire Misenar pursuant to that certain Simple Asset Purchase Agreement (the "Purchase Agreement") by and between Wagner and Misenar.

---

[3] Mr. Schnitzer is the owner of Port Orchard Airport.

[4] Much of this appears to be the actual factual findings, and some of it appears to be legal conclusions. Numbers 7, 11, and 14 are conclusions of law.

4.  The Purchase Agreement provided that Ms. Misenar, in consideration for a single payment of $20,000, would receive "all of the assets of [Wagner] used or useful in the operation of the Business," including, but not limited to, the following: (i) its books and records; (ii) computers and software; (iii) fixtures and furniture; (iv) phone system; (v) the Business' trade name and all other intellectual property; (vi) telephone number; (vii) internet domain name; (viii) social media accounts; and (ix) all inventory of the Business.

5.  The only assets of the Business excluded from the sale were Mr. Wagner's cash and his accounts receivables arising from work conducted prior to January 1, 2013.

6.  Ms. Misenar told the Kitsap County Assessor and the Kitsap Board of Equalization, in writing, that she bought the business on January 1, 2013. Ms. Misenar noted: "At the time I told all three of you that I had purchased the business on January 1, 2013."

7.  The Court notes that the Business was Ms. Misenar's separate property:

> She bought the business before they were married, and so she owned it before they were married. And that would have been her separate property. And nobody has shown any document saying she signed over any kind of bill of sale or other document to Mr. Wagner after the marriage to convert that to community property. . . . That's what I think. In fact, that's what I know. That's the evidence that I've seen or not seen and given that, that's the law.

8.  Prior to trial, on the afternoon of Friday, May 4, 2018, counsel for Mr. Wagner stipulated that the only party asserting counterclaims against Plaintiff is Mr. Wagner.

9.  Both prior to and during the trial, Plaintiff asserted that Mr. Wagner did not have standing to bring any claims under the oral lease at issue.

10.  At trial Mr. Chalmers Johnson, counsel for Mr. Wagner and Ms. Misenar, had the following colloquy with the Court:

> Court: Is it your position that those counterclaims are being made by both him and Claire Misenar or Claire Wagner, or just by him or just by her?
>
> Counsel responded: "It's by Shannon . . . It's by Mr. Wagner."
>
> Counsel continued: "Ms. Misenar never wanted anything to do with this case. This was between Mr. Wagner and Mr. Schnitzer. And it's always been that way. Shannon - - Mr. Wagner is the one pursuing his counterclaims."

11.  Mr. Wagner's counsel continued to attempt to submit evidence that Mr. Wagner owned the business. After objection, the Court dismissed the jury and

argument continued. The Court found that any claims of the Business were Ms. Misenar's claims:

> Okay. I'm just going to say this once and clear the air. The – my ruling is, is that this business is her separate property from all the evidence that's been shown and nothing has been shown to the contrary. If there's any claims that business has, they would be her claims. Now, he can be an agent. And – she could have authorized him to do anything, but that does not make him an owner. He can sign checks. He can work in the shop. He can make contracts. He can do all these things. Fine. But that does not make him the owner of that business. She is; based on that evidence that's been presented. . . .
>
> But him having that authority and stuff does not make him the owner of that business or give him the standing to make – make the claim – make the claims as a business owner. He's simply acting as her agent. . . .
>
> All I'm ruling is – the objection was the evidence is not relevant because this business' claim is not his to assert.

12. During the trial, Mr. Wagner's counsel agreed that the standing issue could be raised after trial and that Plaintiff retained the right to attack any jury verdict for lack of standing.

13. During the trial, Ms. Misenar confessed judgment as to the Plaintiff's claims, removed as a party to the counterclaims, and was dismissed from the case with respect to those counterclaims.

14. During argument on an evidentiary objection based on lack of standing, the Court said:

> I'm reconsidering my ruling. And I think Mr. Lawlor is right. The defendants can't have their cake and eat it too. And this business was sold, and it's been treated as her business. And so if a contract with the business was not executed or performed, the business would have the claim on that, which is Ms. Misenar. It's not Mr. Wagner. He's simply been basically an employee of the business and not the owner of it. And it's a sole proprietorship. So anyway, I'm going to reverse my decision and I'll grant the objection. The objection is sustained. Okay.

15. Mr. Wagner and Ms. Misenar were married on August 24, 2014.

16. Ms. Misenar testified that Shannon Wagner was the former owner from whom she purchased the Business.

CP at 771-75 (citations and emphasis omitted) (alternations in original).

Based on this "history," the trial court found that Wagner was not the real party in interest, and, therefore, he did not have standing to bring the counterclaims. The court entered the following written "findings:"[5]

> 1. Ms. Misenar was the owner and sole proprietor of Northwest Cabinets and Furniture from January 1, 2013 forward, and, as such, was the real party in interest for the counterclaims asserted against Port Orchard Airport, which were based on contract and *quantum meruit*.
>
> 2. Mr. Wagner was not the real party in interest.
>
> 3. Mr. Wagner did not have standing as a third party beneficiary.
>
> 4. Ms. Misenar disavowed her counterclaims before and during trial.
>
> 5. Ms. Misenar's counsel agreed on the record that Mr. Wagner was only asserting his counterclaims.
>
> 6. The Motion was brought in a timely manner and the issue was properly preserved to be ruled upon after trial.
>
> 7. The Plaintiff did not invite error, where the standing issue was raised before, during and after trial, and where defense counsel agreed the issue could be raised post-verdict.

CP at 775.

The trial court granted Port Orchard Airport's motion to dismiss the counterclaims by Wagner based on a lack of standing and awarded Port Orchard Airport attorney fees and costs.

Wagner appeals the trial court's order dismissing his counterclaims.[6]

---

[5] As discussed below, "findings" 1, 2, 3, 6, and 7 are in fact conclusions of law.

[6] Wagner also filed an amended notice of appeal requesting that we review the trial court's findings of fact, conclusions of law, and order granting award of fees and costs to Port Orchard Airport and judgment for Port Orchard Airport. Because this amended notice of appeal was untimely, we do not consider it. RAP 5.2(a).

ANALYSIS

Wagner argues that the trial court erred by concluding[7] that he lacked standing to assert counterclaims against Port Orchard Airport, that the jury's verdict, that he entered into a contract with Port Orchard Airport, means there was no standing issue, and that Misenar ratified the contract between Wagner and Port Orchard Airport.[8] We agree that the trial court erred because Wagner had a community property interest in the business, and therefore, he had standing to assert counterclaims against Port Orchard Airport.

We review the issue of standing de novo. *Jevne v. Pass, LLC*, 3 Wn. App. 2d 561, 565, 416 P.3d 1257 (2018). "Every action shall be prosecuted in the name of the real party in interest." CR 17(a). A party has standing to pursue an action when he or "she is within the protected zone of interests and has suffered an injury in fact." *Jevne*, 3 Wn. App. 2d at 565. The party must have a "'real interest'" in the subject matter, "'that is, a present, substantial interest, as distinguished from a mere expectancy, or future, contingent interest . . .'" *Jevne*, 3 Wn. App.2d at 565 (internal quotation marks omitted) (quoting *Timberlane Homeowners Ass'n v. Brame*, 79 Wn. App. 303, 307-08, 901 P.2d 1074 (1995)).

---

[7] Here, the findings of fact are verities because they are uncontested. *Pham v. Corbett*, 187 Wn. App. 816, 825, 351 P.3d 214 (2015). However, most of the trial court's "findings," including the "finding" that Wagner lacked standing, are actually conclusions of law because they concern whether evidence shows that something has occurred. *Casterline v. Roberts*, 168 Wn. App. 376, 382-83, 284 P.3d 743 (2012). "If what is in fact a conclusion of law is wrongly denominated a finding of fact, it is subject to review as a conclusion of law." *Mid-Town Ltd. P'ship v. Preston*, 69 Wn. App. 227, 232, 848 P.2d 1268 (1993). We review conclusions of law de novo. *Pham*, 187 Wn. App. at 825.

[8] Because we hold that Wagner has standing on other grounds not raised or briefed by the parties, we do not address these claims.

The trial court's standing decision was largely based on its conclusion that the business was Misenar's separate property. We disagree. "When an individual does business as a sole proprietorship, the individual and the sole proprietorship are legally indistinguishable." *Bankston v. Pierce County*, 174 Wn. App. 932, 937, 301 P.3d 495 (2013). "An individual does not create a separate legal entity by doing business as a sole proprietor." *Bankston*, 174 Wn. App. at 937.

"[A] community property interest may be a sufficiently 'real' interest to confer standing." *Dean v. Lehman*, 143 Wn.2d 12, 19, 18 P.3d 523 (2001). In Washington, all property acquired during marriage is presumptively community property, and the party rebutting this presumption has the burden of proof by clear and convincing evidence. *Dean*, 142 Wn.2d at 19-20.

The findings of fact establish that Wagner sold his business to Misenar. Although Misenar purchased the business, she purchased only the assets of the business. The business itself is inseparable from Misenar because it is a sole proprietorship. *See Bankston*, 174 Wn. App. at 937. Because the sole proprietorship is indistinguishable from Misenar and is community property, we hold that the trial court erred by dismissing Wagner's counterclaims for lack of standing.[9, 10]

---

[9] The trial court's ruling suggests that Wagner was an agent for "the business," but he cannot be. This ruling would only make sense if the court believed that the business is a separate legal entity, but it is not. *Bankston*, 174 Wn. App. at 937.

[10] Because we decide this appeal on an issue not raised or briefed by either party, we do not address the issues raised by the parties.

Accordingly, we reverse the trial court's order dismissing the counterclaims and remand with directions to the trial court to reinstate the jury verdict in favor of Wagner.[11]

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

_Sutton, J._
SUTTON, J.

I concur:

_Cruser, J._
CRUSER, J.

---

[11] Wagner does not request an award of attorney fees. Port Orchard Airport requests an award of attorney fees under RAP 18.1 based on the promissory note, the lease, and under the common law principle that "[a]ttorney fees are awarded when authorized by a contract, a statute, or a recognized ground in equity." Br. of Resp't at 21-22 (citing *Fisher Props., Inc. v. Arden-Mayfair, Inc.*, 106 Wn.2d 826, 849-50, 726 P.2d 8 (1986)). Because Wagner is the prevailing party, we deny Port Orchard Airport's request for an award of attorney fees.

WORSWICK, J. (concurring) — I agree with the result reached by the majority in this case. However, I write separately to express additional reasoning in support of this outcome. In my opinion, the trial court made two additional errors: the trial court's findings made implicit factual assumptions regarding agency in violation of RCW 4.44.090,[12] and the court entered findings that specifically contradicted the jury's finding that Port Orchard Airport entered into a contract with Shannon Wagner.

## I. IMPLICIT FACTUAL FINDINGS REGARDING AGENCY STATUS WAS IMPROPER

During trial, the parties disputed whether the business and counterclaims were owned by Claire Misenar individually, or jointly by Misenar and Wagner. In making an evidentiary ruling that excluded some contractual evidence, the trial court stated that the business was Misenar's separate property, Wagner had been acting as an agent for Misenar, and therefore Wagner did not have ownership of the counterclaims.[13,14] No questions regarding agency were ever placed before the jury.

---

[12] RCW 4.44.090 provides that all questions of fact, other than those mentioned in RCW 4.44.080, shall be decided by a jury.

[13] The full text of the trial court's remarks regarding agency are set forth in the majority opinion at 5.

[14] As discussed in the majority opinion, in the case of a sole proprietorship, the individual and the business are legally indistinguishable. Majority at 8.

Following the logic of the trial court's decision, a member of a marital community could act as an agent for his or her spouse, enter into a contract on behalf of that spouse without express authority to do so, and bind the spouse without also binding the marital community. I am unaware of any case law supporting such a proposition.

Regarding the trial court's written findings of fact, there is no finding regarding the existence of an agency relationship between Wagner and Misenar. However, the only legal basis for the trial court's conclusion that Wagner did not have standing is that Wagner was acting as an agent for his wife Misenar during the salient events.

Agency is generally a question of fact that must be presented to a jury. *Afoa v. Port of Seattle*, 191 Wn.2d 110, 124, 421 P.3d 903, 911 (2018). "The existence of a principal-agent relationship is a question of fact unless the facts are undisputed."[15] *Uni-Com Northwest, Ltd. v. Argus Pub. Co.,* 47 Wn. App. 787, 796, 737 P.2d 304 (1987). And although it is possible for a husband to act as an agent for his wife, before such an agency is established, "it is essential that [the wife] shall have previously authorized him to act as her agent, or, subsequently, with knowledge of the act, ratified and adopted it." *Hink v. Melhorn*, 174 Wash. 351, 355, 24 P.2d 1061 (1933).

Here, by unilaterally determining that Wagner was acting solely as Misenar's agent, the trial court improperly usurped the authority of the jury.

---

[15] Whether Wagner was acting solely as Misenar's agent was not undisputed. Additionally, it is highly questionable whether the profits of the business were Misenar's sole property. When asked how Wagner was compensated, Misenar testified, "Well, it went—we were a team. I mean, it was both of us. It was money for both of us, for our future, for the business." Clerk's Papers (CP) at 629. And when asked if she and Wagner kept their accounts separate, she said, "We have separate names on different accounts. And we have combined accounts to[o] so he could be a signer on the business accounts. And mine too, I guess. Mine is mine. His is his. No, it's everything. We share everything." CP at 629. This testimony is evidence of comingling, which raised a question of fact regarding whether the business profits were, in fact, separate property. *See In re Marriage of Skarbek*, 100 Wn. App. 444, 448, 997 P.2d 447 (2000).

## II. Trial Court Disregarded Jury Finding of A Contract Between Port Orchard and Wagner

After a five-day jury trial, the case was submitted to the jury with agreed instructions and agreed verdict forms. After deliberation, the jury explicitly found there was a contract between Port Orchard and *Wagner* and, by special verdict form, ruled in Wagner's favor on his counterclaims of breach of contract and breach of lease.[16] Despite Port Orchard's request, the trial court did not enter a judgment notwithstanding the verdict.[17] Instead, the court simply ignored the jury's factual finding and dismissed Wagner's counterclaims for lack of standing, concluding that Misenar "was the real party in interest for the counterclaims asserted against Port Orchard

---

[16] Jury instruction 5 instructed the jury:

> Mr. Wagner has the burden [of] proving each of the following propositions on his claims for breach of contract:
> 1) **That Port Orchard Airport, Inc. entered into a contract with Mr. Wagner**;
> 2) The terms of the contract;
> 3) That Port [O]rchard Airport, Inc. [b]reached the contract;
> 4) That Mr. Wagner was not in material breach of or had performed his obligations under the contract;
> 5) That Mr. Wagner had completed all conditions precedent; and
> 6) Mr. Wagner was damaged as a result of Port Orchard Airport, Inc.'s breach.

CP at 384 (emphasis added).

On the special verdict form, the jury found in Wagner's favor for "Defendant's claim for Breach of contract—work performed" and awarded Wagner $2,300 in damages. The jury also found in Wagner's favor for "Defendant's claim for Breach of Contract—Lease" and awarded Wagner $329,700 in damages with lawyer's fees reserved. CP at 407-408.

[17] In considering a motion for judgment notwithstanding the verdict, the court must view the evidence in the light most favorable to the party to whom judgment was rendered, and "must be able to say as a matter of law that neither evidence nor reasonable inferences from evidence are sufficient to sustain the verdict." *Flavorland Industries, Inc. v. Schumacker*, 32 Wn. App. 428, 433, 647 P.2d 1062 (1982).

Airport." CP at 775. In its order dismissing Wagner's counterclaims, the trial court made no mention of the jury's findings.

Port Orchard argues that a jury verdict cannot create standing because standing is a question of law. I disagree that the trial court was at liberty to ignore the jury's finding.

Although standing is a question of law that we review de novo, *City of Snolqualmie v. King County Executive Dow Constantine*, 187 Wn.2d 289, 296, 386 P.3d 279 (2016), standing is also dependent on the facts. *See Knight v. City of Yelm*, 173 Wn.2d 325, 339, 267 P.3d 973 (2011) (acknowledging that its standing decision was based on facts); *Jevne v. Pass, LLC*, 3 Wn. App. 2d 561, 562, 416 P.3d 1257 (2018) (concluding that plaintiff lacked standing under the facts). A party to a contract is a real party in interest with standing to sue for breach of the contract. *Kim v. Moffett*, 156 Wn. App. 689, 700, 234 P.3d 279 (2010).

Here, the jury, acting as the finder of fact, explicitly found a contract between Port Orchard and Wagner. The trial court ignored the jury's findings. The only mention of a contract in the trial court's findings was a quotation from the trial court regarding claims arising from contracts with "the business" belonging to Misenar. CP at 798. The trial court then declared that Wagner lacked standing because he was not a real party in interest. This was improper.

In my opinion, the trial court erred by making implicit factual assumptions regarding agency, in violation of RCW 4.44.090, and by entering findings that specifically contradicted the jury's finding that Port Orchard Airport entered into a contract with Wagner.

_____
WORSWICK, P.J.